[No. A059534. First Dist., Div. Five. Oct. 4, 1993.]

AUGUST W. BENNETT, Plaintiff and Appellant, v.
JOHN McCALL, JR., et al., Defendants and Respondents.

**COUNSEL**

Walter S. Moeller and William S. Caspari for Plaintiff and Appellant.

Boughey, Garvie & Bushner, Ronald S. Bushner and Charlotte F. Ruben for Defendants and Respondents.

**OPINION**

HANING, J.—Plaintiff and appellant August W. Bennett appeals a summary judgment in favor of defendants and respondents John McCall, Jr., and Riede, Rosenberg, McCall & Cahill in appellant's action for legal malpractice. Appellant contends the trial court erred in ruling his action was barred by the statute of limitations. (Code Civ. Proc., § 340.6.)[1] We affirm.

### FACTS

In January 1985 appellant retained respondents to represent him in dissolution proceedings. The matter went to trial after the parties were unable to agree on a division of property. On June 18, 1986, appellant entered into a binding settlement agreement in open court resolving the issues between him and his former wife. Appellant agreed to the settlement agreement as recited by the trial court, and McCall recommended the settlement to appellant. Pursuant to the terms of the agreement, all of the community property was divided.

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

On June 19 appellant reviewed the value of the assets assigned to him and his former wife and determined he had been underpaid. McCall advised him that the division of property was consistent with the settlement agreement and was beneficial to him. However, because of appellant's dissatisfaction with the settlement, McCall began negotiations with appellant's former wife's attorney in an attempt to revise the settlement. In November 1986 appellant's former wife rejected the final proposal for revision and clarification of the settlement. In December McCall notified appellant that he was withdrawing as counsel due to their irreconcilable perceptions of the case. In January 1987 appellant, in propria persona, filed a substitution of attorneys.

On March 4, 1987, appellant appeared in propria persona at a hearing on his motion to clarify the settlement. At the conclusion of the hearing the court directed him to submit a letter setting out the alleged errors in the settlement agreement. The following day appellant met with Attorney Clark Summers, Jr., who agreed to represent him in the dissolution action. Summers continued to represent appellant until December 1987. He was paid $1,500 upon retention and $1,500 thereafter. An additional $2,617.83 remains unpaid. According to Summers, at their first meeting appellant expressed interest in the possibility of Summers representing him in a legal malpractice action against McCall. Summers refused and agreed only to represent him to "attempt[ ] to correct the alleged inequities, as [appellant] viewed it, in the division of the property" in the divorce action.

The judgment in the dissolution action was filed on February 22, 1988. On February 17, 1989, appellant filed the instant action against respondents for professional negligence. Respondents moved for summary judgment on the grounds that the action was barred by the statute of limitations. Appellant's declaration in opposition to the motion for summary judgment states he did not ask Summers to represent him in a legal malpractice action and they did not discuss filing such an action against McCall.

The trial court granted summary judgment for respondents on statute of limitations grounds. The court's order stated, in relevant part: "[I]t is established that [appellant] suffered appreciable harm by March 5, 1987 when he retained Summers and that [appellant] discovered the problem on June 20, 1986."

## DISCUSSION

"The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." (§ 437c,

subd. (c).) ▮ Our review is the same as that of the trial court: First we identify the issues framed by the pleadings. Second, we determine whether the moving party established sufficient facts to negate the opponent's claim on any legal theory. Third, if that burden is met, we determine whether the party opposing the motion discloses the existence of triable issues of material fact as to that cause of action. (*Lipson* v. *Superior Court* (1982) 31 Cal.3d 362, 374 [182 Cal.Rptr. 629, 644 P.2d 822]; *Biljac Associates* v. *First Interstate Bank* (1990) 218 Cal.App.3d 1410, 1420 [267 Cal.Rptr. 819].) In 1992 the summary judgment statute was substantially amended. (§ 437c, amended by Stats. 1992, ch. 1348, § 1.) However, our decision in this case is not affected thereby.

▮ Appellant contends the court erred in determining that the statute of limitations began running at the latest on March 5, 1987, when he consulted Attorney Summers. He argues that he sustained no actual injury until the February 22, 1988 entry of judgment in the dissolution action.

Section 340.6 provides, in relevant part: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury; . . ." ▮ The tolling provisions of section 340.6 apply to both the one-year and the four-year provisions. (*Johnson* v. *Haberman & Kassoy* (1988) 201 Cal.App.3d 1468, 1474 [247 Cal.Rptr. 614]; *Gurkewitz* v. *Haberman* (1982) 137 Cal.App.3d 328, 336 [187 Cal.Rptr. 14].)

▮ "A client suffers damage when he is compelled, as a result of the attorney's error, to incur or pay attorney fees." (*Sirott* v. *Latts* (1992) 6 Cal.App.4th 923, 928 [8 Cal.Rptr.2d 206], citing *Budd* v. *Nixen* (1971) 6 Cal.3d 195, 201-202 [98 Cal.Rptr. 849, 491 P.2d 433].) In the instant case, appellant knew about respondents' alleged negligence by June 1986, and paid a $1,500 retainer fee to Summers on March 5, 1987, to represent him in the dissolution action and rectify the alleged negligence of respondent. Consequently, the court correctly determined that the statute of limitations began running at the latest on March 5, 1987.

Appellant relies on *Laird* v. *Blacker* (1992) 2 Cal.4th 606, 618 [7 Cal.Rptr.2d 550, 828 P.2d 691], for the proposition that the statute of

limitations was not tolled until judgment was entered in his marital dissolution action. In *Laird*, the underlying action was dismissed for lack of prosecution, after which the plaintiff discharged her attorney, appealed the dismissal and then voluntarily dismissed her appeal. (*Id.*, at p. 610.) Thereafter, plaintiff filed a legal malpractice action against her former attorney. She contended that section 340.6 was tolled until she dismissed her appeal, arguing that the underlying judgment of dismissal upon which her legal malpractice action was based was not final while the appeal was pending. Therefore, she claimed, she suffered no damage until her appeal was dismissed, at which time the judgment of dismissal became final. In resolving *this* contention the Supreme Court stated that ". . . the statute of limitations for legal malpractice actions commences on entry of adverse judgment or final order of dismissal." (2 Cal.4th at p. 615.)

*Hensley* v. *Caietti* (1993) 13 Cal.App.4th 1165, 1174 [16 Cal.Rptr.2d 837], concluded that "*Laird* . . . cannot reasonably be construed to have addressed the point whether events other than entry of an adverse judgment can satisfy the criteria of actual injury. . . . In *Laird* no issue was tendered whether some event other than the judgment or the occurrence of finality of the judgment sufficed as 'actual injury.' Moreover, the precedent upon which *Laird* principally relies, *Budd* v. *Nixen* (1971) 6 Cal.3d 195 [98 Cal.Rptr. 849, 491 P.2d 433], is one in which the Supreme Court returned the question of actual accrual before judgment of the malpractice cause of action to the trial court for a factual determination." We agree that *Laird* does not support appellant's contention, and conclude the court properly granted summary judgment.

We also note that appellant has failed to include his legal malpractice complaint in the appellate record. ■ The appellant must affirmatively demonstrate error by an adequate record. In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." (*Buckhart* v. *San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [243 Cal.Rptr. 298], internal quotation marks omitted; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 418.) Given the status of the record, we will not second guess the trial court's determination that the action was barred by the statute of limitations.

■ Appellant also argues that because the evidence failed to show that Summers's sole purpose in representing him was to remedy McCall's negligence and that a specific amount of fees paid to Summers was attributable

to that end, summary judgment was improperly granted. We disagree. The law imposes no such requirement. *Laird* held that it is the fact and knowledge of damage and not the amount thereof that is required to prove actual injury. (*Laird* v. *Blacker, supra,* 2 Cal.4th at p. 615.) In the recent case of *Kovacevich* v. *McKinney & Wainwright* (1993) 16 Cal.App.4th 337 [19 Cal.Rptr.2d 692], the court reasoned that the mere accrual of the obligation for attorney fees to rectify a mistake by a former attorney constitutes sufficient damage to trigger the statute of limitations.

 It is undisputed that on March 5, 1987, appellant paid Summers a retainer fee of $1,500. It is also undisputed that Summers assisted appellant in the division and evaluation of marital property and that Summers prepared a letter which was presented to the court in the dissolution action on March 13, 1987. Appellant's declaration states that his concern at the time Summers was retained was "to fix the settlement to properly reflect what I thought I was entitled to." He also states that it appeared McCall had erred, but he thought such error could be corrected through a further hearing in the dissolution proceeding. This record conclusively establishes the commencement of the limitations period of section 340.6 when appellant retained Attorney Summers, which was more than one year prior to the institution of the present action.

Affirmed.

Peterson, P. J., and King, J., concurred.

A petition for a rehearing was denied November 3, 1993, and appellant's petition for reivew by the Supreme Court was denied December 30, 1993.