Filed 1/9/14  Rinek v. Salazar CA3

NOT TO BE PUBLISHED

COPY

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JEFFREY RINEK, | C072036 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201100097071CUPNGDS) |
| v. | |
| JOSEPH A. SALAZAR, JR., | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on December 12, 2013, be modified as follows:

On page 2, in the fourth paragraph, delete the words "SMFD's representative" and replace it with "to the insurance carrier for SMFD" so the sentence reads:

After Rinek signed the consent form, Salazar wrote to the insurance carrier for

SMFD that he would confirm Rinek's insurance coverage and thereafter tender the

defense of the pending wrongful termination action to Rinek's insurance carrier.

1

On page 3, in the second paragraph, insert the words "the insurance carrier for" between the words "to" and "SMFD" so the sentence reads:

Salazar then wrote to the insurance carrier for SMFD, describing his discussion with Rinek of the facts underlying the wrongful termination action, reporting that Rinek had insurance coverage, and stating that he planned to tender the defense of the wrongful termination action to Rinek's carrier.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

    HULL           , Acting P. J.

    MAURO        , J.

    DUARTE      , J.

Filed 12/12/13 (unmodified version)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| JEFFREY RINEK, | C072036 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201100097071CUPNGDS) |
| v. | |
| JOSEPH A. SALAZAR, JR., | |
| Defendant and Respondent. | |

Jeffrey Rinek sued Joseph A. Salazar, Jr., for alleged legal malpractice and fraud committed during the brief period Salazar represented Rinek in a prior lawsuit. The trial court sustained Salazar's demurrer to the first amended complaint without leave to amend and dismissed the action.

Rinek contends the trial court erred in concluding his claims for legal malpractice and fraud are barred by the applicable statute of limitations. We disagree and affirm the judgment.

1

FACTS AND PROCEEDINGS

For purposes of setting forth the facts in this case, we rely on the initial complaint and first amended complaint as sources of facts that must be assumed true for purposes of this appeal, as well as matters properly judicially noticed. (See Code Civ. Proc., § 430.30, subd. (a) (unless otherwise stated, statutory references that follow are to the Code of Civil Procedure); *Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1034.)

In 2006, Rinek entered into a contract with the Sacramento Metropolitan Fire District (SMFD) to perform an independent investigation into some of SMFD's employees. The contract contains an indemnity provision in favor of SMFD and provides that Rinek shall maintain a professional liability errors and omissions (E&O) insurance policy.

As part of his investigation, Rinek interviewed an SMFD employee who was thereafter terminated by SMFD. The employee brought an action for wrongful termination, naming Rinek and SMFD as defendants. SMFD reserved its right not to indemnify Rinek and it retained Salazar to represent both itself and Rinek in the wrongful termination action. Writing to Rinek to obtain his consent for the joint representation, Salazar asked Rinek whether his insurance carrier had been notified of the wrongful termination action and informed Rinek that, if a conflict with SMFD were later to develop, Salazar would continue to represent SMFD. Rinek consented to the dual representation in September 2007.

After Rinek signed the consent form, Salazar wrote SMFD's representative that he would confirm Rinek's insurance coverage and thereafter tender the defense of the pending wrongful termination action to Rinek's insurance carrier.

Salazar met with Rinek for the first time on October 11 or 12, 2007. They discussed the facts of the pending wrongful termination action. Salazar also asked Rinek

2

to provide a copy of his E&O insurance policy and told Rinek he should inform his professional liability insurance carrier of the pending action.

Salazar then wrote to SMFD, describing his discussion with Rinek of the facts underlying the wrongful termination action, reporting that Rinek had insurance coverage, and stating that he planned to tender the defense of the wrongful termination action to Rinek's carrier.

On October 29, 2007, Salazar tendered the defense of the wrongful termination lawsuit to Rinek's insurance carrier, without seeking Rinek's consent or informing Rinek he had done so. Thereafter, Salazar had no direct contact with Rinek. Salazar ceased representing Rinek in connection with the wrongful termination action on January 16, 2008 when Rinek retained new counsel; Salazar continued to represent SMFD.

In December 2010, Rinek obtained his client file from SMFD's representative and discovered from reading Salazar's October 2007 correspondence that Salazar planned in advance of their first meeting to obtain Rinek's insurance information so defense of the wrongful termination action could be tendered to Rinek's carrier, for the benefit of SMFD.

On February 14, 2011, Rinek filed this action against Salazar, alleging (among other things) causes of action for negligence, intentional tort, and fraud. Salazar demurred, arguing the complaint failed to state a cause of action, was uncertain, and was barred by the applicable statute of limitations. The trial court sustained the demurrer, with leave to amend.

Rinek then filed the (operative) first amended complaint, which seeks damages based on causes of action for intentional infliction of emotional distress (count 1), breach of fiduciary duty and the duty of loyalty owed by an attorney (count 2), and fraud (count 3).

Rinek alleges Salazar promised to represent Rinek jointly with SMFD only so he could gather information from Rinek about the wrongful termination case and other

"private information" and obtain Rinek's insurance information for the benefit of SMFD. Rinek suffered emotional distress because he "was forced to retain new counsel to defend him and he was cut off from communication with Mr. Salazar after he had already established a relationship with him." Rinek also alleges Salazar breached his duties to Rinek by meeting with Rinek even though Salazar "ultimately intended to cease representing him"; obtaining Rinek's trust and confidence; fraudulently obtaining from Rinek information concerning the wrongful termination case and his insurance coverage; and dumping Rinek as a client by tendering the defense to Rinek's insurance carrier without Rinek's knowledge. Finally, Rinek alleges Salazar entered into an attorney-client relationship with him under false pretenses: Salazar falsely stated he would "jointly and ethically represent Mr. Rinek" when he never intended to represent Rinek, and Rinek relied on those misrepresentations by revealing "confidential medical and personal information" to Salazar. Salazar concealed his intention in advance of their October 2007 meeting, to tender Rinek's defense to Rinek's insurance carrier, and Rinek only discovered Salazar's duplicity when he obtained his file in December 2010.

Salazar demurred on the grounds all three causes of action fail to allege facts sufficient to state a cause of action and, alternatively, are barred by the applicable statutes of limitations. As relevant to this appeal, Salazar argued Rinek's claim in count 2 for attorney malpractice is governed by a one-year statute of limitations (§ 340.6) and rests upon Rinek's allegations he was damaged by Salazar's actions prior to and immediately following their October 2007 meeting; accordingly, the action filed in February 2011 is time-barred. As to count 3, Salazar contends Rinek could not have suffered any appreciable injury attributable to Salazar's having fraudulently entered into an attorney-client relationship with him after January 2008, when Salazar ceased representing Rinek; the complaint was filed one month after the three-year statute of limitations for fraud expired (§ 338, subd. (d)).

4

The superior court sustained Salazar's demurrer without leave to amend. It agreed with Salazar that all of Rinek's claims are barred by the applicable statutes of limitations and fail to state a cause of action.

Rinek appeals from the ensuing judgment of dismissal.

## DISCUSSION

Rinek contends on appeal the trial court erred in concluding that his claims for legal malpractice and fraud (counts 2 and 3) are time-barred. For reasons we explain below, we disagree.

We note that on appeal, Rinek does not challenge the court's ruling sustaining Salazar's demurrer to the first cause of action for intentional infliction of emotional distress nor does he argue the court erred in sustaining the demurrer without leave to amend as to that count. We presume the trial court's ruling was correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Gutierrez v. Autowest, Inc.* (2003) 114 Cal.App.4th 77, 88.)

### I

### *Standard and Scope of Review*

The function of a demurrer is to test the sufficiency of the complaint by raising questions of law. We give the complaint a reasonable interpretation and read it as a whole with its parts considered in their context. A general demurrer admits the truth of all material factual allegations. We are not concerned with the plaintiff's ability to prove the allegations or with any possible difficulties in making such proof. We are not bound by the construction placed by the trial court on the pleadings; instead, we make our own independent judgment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal.App.4th 950, 957.)

When the trial court sustains the demurrer without leave to amend, we must decide whether there is a reasonable possibility the plaintiff can cure the defect with an

5

amendment. If we find that an amendment could cure the defect, we must find the court abused its discretion and reverse. If not, the court has not abused its discretion. The plaintiff bears the burden of proving an amendment would cure the defect. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.)

## II

### *Rinek's Legal Malpractice Claim is Time-Barred*

The statute of limitations applicable to Rinek's claim in count 2 for attorney malpractice and/or breach of fiduciary duty is set forth in section 340.6, subdivision (a), which provides in part that "[a]n action against an attorney for a wrongful act or omission . . . arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. . . . [I]n no event shall the time for commencement of legal action exceed four years except [where specified circumstances give rise to tolling]." (See *Quintilliani v. Mannerino* (1998) 62 Cal.App.4th 54, 68; *Stoll v. Superior Court* (1992) 9 Cal.App.4th 1362, 1366-1369.) Thus the limitations period is one year from actual or imputed discovery, or four years (whichever is sooner), unless tolling applies. (*Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 508, 511.)

It is well settled that the one-year limitations period of section 340.6 "is triggered by the client's discovery of 'the facts constituting the wrongful act or omission,' not by his discovery that such facts constitute professional negligence, i.e., by discovery that a particular legal theory is applicable based on the known facts." (*Worton v. Worton* (1991) 234 Cal.App.3d 1638, 1650.) The complaint alleges Salazar breached his duty to Rinek by meeting with him in early October 2007, although he knew the representation would likely not continue, tendering the defense of the wrongful termination action to

6

Rinek's carrier, then dumping Rinek as a client. The trial court concluded that Rinek failed to file this action within a year of the time he discovered "the facts constituting the wrongful act or omission." We agree. All of the wrongful acts Rinek alleges were committed by Salazar occurred during October 2007: Rinek alleges Salazar met with him while simultaneously contemplating tendering Rinek's case to his insurance carrier; Salazar failed to obtain Rinek's consent before tendering Rinek's defense to the carrier; and, by tendering the case to Rinek's carrier, Salazar failed to act in Rinek's best interests.

Although Rinek emphasizes on appeal he "was not aware of the 'tender' when it was made," a reasonable interpretation of the pleadings is that Rinek learned of it soon after it occurred. (See *Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.) Rinek alleges he learned of Salazar's "plans . . . after they had been carried out," although "[a]t the time Mr. Salazar tendered the defense, Mr. Rinek did not appreciate how or why his defense had been tendered to his own insurance company" and "was left to guess as to the reasons his former attorney was no longer representing him."

Even if Rinek did not immediately know his defense in the wrongful termination action had been tendered to his insurance carrier, he should, through the use of reasonable diligence, have discovered the cause of the break in his attorney-client relationship with Salazar (§ 340.6, subd. (a)) at or about the time Salazar stopped communicating with him in late October 2007. In any event, Rinek should have learned what happened no later than January 2008, when he began to be represented by new counsel. The trial court thus correctly concluded that Rinek's cause of action for legal malpractice and/or breach of fiduciary duty accrued no later than January 2008. Rinek's action, filed in February 2011, was too late.

On appeal, Rinek argues the trial court should have concluded the statute of limitations was tolled until December 2010. Section 340.6, subdivision (a) lists four circumstances under which the limitations period of a legal malpractice action may be

7

tolled:  (1) while the plaintiff has not sustained actual injury; (2) while the attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred; (3) while the attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation; and (4) while the plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action.  Although the language of the statute is ambiguous on the point, "[t]he tolling provisions of section 340.6 apply to both the one-year and the four-year provisions." (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 126.)

In the trial court, Rinek unsuccessfully argued the statute of limitations should be tolled because Salazar concealed his wrongful acts.  He does not renew this argument on appeal.  For the first time on appeal, however, Rinek attempts to invoke two of the other statutory tolling provisions:  he argues the statute of limitations was tolled until December 2010 because he had not yet sustained actual injury (§ 340.6, subd. (a)(1)), and because he was, until December 2010, under a legal or physical disability restricting his ability to commence legal action against Salazar (§ 340.6, subd. (a)(4)).  We agree with Salazar that Rinek may not raise these arguments for the first time on appeal.  (E.g., *World Financial Group, Inc. v. HBW Ins. & Financial Services, Inc.* (2009) 172 Cal.App.4th 1561, 1569; *Martinez v. Scott Specialty Gases, Inc.* (2000) 83 Cal.App.4th 1236, 1249.)

Even were he permitted to raise new arguments to justify tolling the statute of limitations, they lack merit.

First, Rinek cannot show his claim for legal malpractice was tolled by lack of actual injury within the meaning of section 340.6, subdivision (a)(1).  This statutory tolling provision is rooted in the required element of "actual loss or damage" in a professional negligence action.  (*Croucier v. Chavos* (2012) 207 Cal.App.4th 1138, 1147.)  Although Rinek claims the statute of limitations should have been tolled until

December 2010, when he learned that Salazar intended in October 2007 to tender the defense to Rinek's carrier, Rinek alleges he began to "suffer[] damages including the cost of his defense" after Salazar ceased representing him in January 2008. Incurring the costs of his defense constitutes actual damages, and Rinek does not allege he suffered other actual damage after January 2008, when he was forced to retain new counsel and was "cut off from communication" with Salazar.

Second, Rinek cannot show his claim for legal malpractice was tolled until December 2010 because he was, until then, under a legal or physical disability restricting his ability to commence legal action against Salazar (§ 340.6, subd. (a)(4)). The "legal and physical" disabilities sufficient to toll a claim for legal malpractice are those impediments to a plaintiff's ability to institute a suit that otherwise act to toll statutes of limitations, such as absence of the defendant from California (§ 351), his minority or insanity (§ 352, subd. (a)), the existence of a state of war (§ 354), and the existence of a prohibitive injunction (§ 356). (*Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 570; see *Bledstein v. Superior Court* (1984) 162 Cal.App.3d 152, 161-166.) Rinek neither alleges nor asserts on appeal the existence of any such impediment: he states (without citation to the record) only that "there was no practical way to proceed against Salazar or to obtain any discovery" until the wrongful termination action settled. The lack of a "practical way to proceed" does not rise to the threshold of a legal or physical impediment. (Cf. *Jocer Enterprises,* at p. 570.)

Rinek's reliance on *Johnson v. Haberman & Kassoy* (1988) 201 Cal.App.3d 1468 as support for his argument that his legal malpractice claim was tolled is misplaced. In *Johnson*, the issue was whether the defendant attorneys owed a continuing duty to the plaintiff's limited partner, because there existed "continuing representation" within the tolling provisions of section 340.6, subdivision (a)(2) (*Johnson,* at p. 1475), a provision Rinek does not attempt to invoke. Moreover, in *Johnson*, the attorneys first represented the plaintiff, then undertook to represent the general partners, but never formally

9

withdrew from their representation of the limited partner or obtained a written waiver from him authorizing their simultaneous representation of the general partners. (*Id*. at pp. 1475-1476.) The *Johnson* court held that, under the circumstances of that case, the attorneys were estopped from asserting their representation of the plaintiff did not continue and, accordingly, the statute of limitations was tolled while the plaintiff continued to believe during the tolling period that the defendant attorneys were supposedly protecting his interests and the "plaintiff neither discovered nor should have discovered the attorneys' wrongdoing" years after he acted to his detriment on the attorneys' advice. (*Id.* at p. 1478; see *id*. at pp. 1471-1473, 1475.) Here, Salazar formally withdrew from representing Rinek in January 2008. Rinek could not thereafter have believed Salazar was acting to protect his interests, so as to toll the statute. *Johnson* is inapposite.

## III

### *Rinek's Fraud Claim is Time-Barred*

The limitations period for a cause of action for fraud is three years (§ 338, subd. (d)). Rinek alleges Salazar entered into an attorney-client relationship with him under false pretenses in September 2007. Salazar falsely stated he would "jointly and ethically represent Rinek" when he never intended to do so, and concealed his intention in advance of the parties' October 2007 meeting to tender Rinek's defense to Rinek's insurance carrier. The court found that Rinek's complaint, filed three years and one month after Salazar ceased to represent Rinek, was outside the statute of limitations.

Rinek argues on appeal that there "is no basis to conclude on demurrer that Rinek was aware of the tender, what it meant or how it interrelated to the previously signed joint representation agreement" until December 2010. As we explained above, the allegations indicate strongly that Rinek learned of the tender soon after it had been made. But even were that not the case, a plaintiff whose complaint for fraud shows on its face

10

that his claim is barred must specifically plead facts showing when and how he discovered the facts underlying his claim, and his inability to have made discovery earlier despite reasonable diligence. (*Fox v. Ethicon Endo-Surgery, Inc*. (2005) 35 Cal.4th 797, 807-808.)  The plaintiff bears the burden of establishing diligence; conclusory allegations will not suffice to withstand a demurrer. (*Ibid*.)  Rinek fails in this.  Specifically, he does not allege why he could not have learned the reason Salazar no longer represented him in October 2007 after Salazar tendered the defense to Rinek's insurance carrier and, in any event, why he could not have learned about the tender from the new attorney that began representing him in January 2008.

Finally, Rinek makes no attempt to argue on appeal that the trial court abused its discretion by not granting leave to amend or to identify on appeal any additional facts he would plead were he given an opportunity to amend his operative complaint. (*Total Call Internat., Inc. v. Peerless Ins. Co*. (2010) 181 Cal.App.4th 161, 166 [to successfully argue on appeal that the trial court abused its discretion by not granting leave to amend, plaintiff has burden to enumerate new facts that would be pleaded in an amended complaint].)

Accordingly, we conclude the trial court did not err in sustaining the demurrer without leave to amend.

11

DISPOSITION

The judgment is affirmed.  Salazar shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                            HULL                , Acting P.  J.


We concur:


        MAURO          , J.


        DUARTE         , J.