Filed 8/19/14  Nguyen v. Summergreen Homeowners Assn. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DIEM T. NGUYEN,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>SUMMERGREEN HOMEOWNERS<br>ASSOCIATION et al.,<br><br>     Defendants and Respondents. | B252834<br><br>(Los Angeles County<br>Super. Ct. No. BC500900) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Malcolm H. Mackey, Judge.  Affirmed.

Diem T. Nguyen, in pro. per., for Plaintiff and Appellant

Soltman, Levitt, Flaherty & Wattles and Steven S. Nimoy for Defendants and Respondents.

_____

1

Plaintiff and appellant Diem Nguyen appeals from a judgment of dismissal following an order granting a motion for judgment on the pleadings in favor of defendants and respondents Amber Property Management, successor management company Huntington West Properties, Inc., Summergreen Homeowners Association, and Summergreen directors Olga Marquez, Victor Enciso, Libertad Torrico, Bill Hencke, and Richard Leynes, in this action arising out of foreclosure proceedings. Nguyen contends the complaint states causes of action that have not been conclusively determined against her in prior court actions. Because the record on appeal lacks a reporter's transcript of the hearing on the motion for judgment on the pleadings or a suitable substitute, we conclude the record is inadequate for review and Nguyen has failed to demonstrate that the trial court erred. We affirm.

## FACT AND PROCEDURAL BACKGROUND

### Litigation over Common Area Maintenance

In October 2003, Nguyen became the owner of a condominium unit within Summergreen. In January 2007, Nguyen filed a complaint against all of the defendants except Huntington, for breach of contract, breach of fiduciary duty, negligence, statutory violations, declaratory relief and an accounting. The gravamen of her complaint was that the defendants failed to maintain common areas, resulting in pipe problems and termite infestations. Defendants filed a motion for summary judgment in June 2011, on the ground that Nguyen no longer owned a condominium within the association, and therefore, lacked standing to contest maintenance of the common areas. Defendants' evidence showed a notice of trustee's sale had been recorded for the condominium and Nguyen's interest in the property had been extinguished. Nguyen did not file an opposition. After the trial court granted the motion for summary judgment, Nguyen appealed. Division Three of the Fourth District affirmed the judgment in an unpublished opinion, because the trial court had correctly concluded Nguyen no longer had an

2

ownership interest in the condominium and could not identify any actual damages as a result of the common area maintenance. (*Nguyen v. Summergreen Homeowners Association* (Jan. 16, 2013, G046445) [nonpub. opn.] (*Nguyen I*).)

The defendants filed a motion for attorney fees and costs. The trial court awarded attorney fees of $69,274.50. Nguyen appealed from the order awarding attorney fees. Division Three of the Fourth District affirmed the award. (*Nguyen v. Summergreen Homeowners Association* (March 27, 2013, G046770) [nonpub. opn.].)

**The Instant Action**

On February 13, 2013, Nguyen filed the instant action against the defendants for breach of contract, breach of fiduciary duty, negligence, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. The complaint alleged the following facts. The condominium was purchased by Fannie Mae on August 30, 2010, and transfer of title was recorded in the Orange County Recorder's Office on September 10, 2010. In December 2010, Summergreen began sending invoices to Fannie Mae for dues. Summergreen, through Huntington, transferred title of ownership of the property to Fannie Mae in Summergreen's books and records. Nguyen continued to reside at the property and challenged Fannie Mae's right to title, but Summergreen stopped sending her statements and newsletters. Fannie Mae evicted Nguyen on September 14, 2011. Nguyen alleged Summergreen's practices assisted Fannie Mae's eviction and prevented her from proving damages in *Nguyen I*. Transferring title on Summergreen's books to Fannie Mae was a breach of contract and a negligent misrepresentation. Also, Summergreen had no standing to seek attorney fees from her when title had been transferred to Fannie Mae. Summergreen's summary judgment based on the foreclosure proceedings was not a proper resolution of *Nguyen I* and constituted a breach of fiduciary duty and negligence.

On May 23, 2013, Summergreen and Amber filed a motion for judgment on the pleadings on the ground that Nguyen's causes of action had been previously adjudicated

3

against her and the complaint failed to state facts sufficient to constitute a cause of action. The former directors and Huntington filed a notice of joinder in the motion for judgment on the pleadings. The trial court took judicial notice of the complaint and appellate opinions in *Nguyen I*, as well as a wrongful foreclosure action Nguyen had filed against Fannie Mae, GMAC Mortgage, Summergreen, Huntington and other entities. Summergreen and Huntington were dismissed without prejudice from the wrongful foreclosure action, which concluded in a judgment against Nguyen in favor of the remaining defendants.

A hearing was held on the motion for judgment on the pleadings on August 21, 2013. No reporter's transcript or suitable substitute has been made part of the record on appeal. On August 23, 2013, the court granted the motion for joinder and the motion for judgment on the pleadings. On October 16, 2013, the court entered its order dismissing the complaint. Nguyen filed a timely notice of appeal.

## DISCUSSION

The record on appeal does not include a reporter's transcript of the hearing on the motion at issue or suitable substitute such as a settled statement under California Rules of Court, rules 8.137. Prior to briefing in this appeal, this court ordered the parties to brief the issues of whether the failure to provide a reporter's transcript or suitable substitute such as a settled statement warrants affirmance based on the inadequacy of the record. In Nguyen's opening brief filed April 11, 2014, she requests additional time to seek a settled statement from the trial court. In the four months since, she has not filed a motion to augment the record with a settled statement, and in her reply brief, she contends no substitute is required.

We conclude the record is insufficient to demonstrate reversible error under settled California law. "An appellate court begins with the presumption the judgment is correct (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435) and the appellant must prepare a record that adequately establishes the trial court committed prejudicial error. (*Maria P. v.*

4

*Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Rancho Santa Fe Assn. v. Dolan–King* (2004) 115 Cal.App.4th 28, 46.)" (*Ritschel v. City of Fountain Valley* (2006) 137 Cal.App.4th 107, 122.)

"In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. [Citations.] [¶] The reason for this follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.'" (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)" (*Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187.)

Respondents contend the trial court's ruling was based largely on the arguments and information presented at the hearing. Without a record of the proceedings, we cannot review any arguments, concessions, or information presented to the trial court. The record on appeal in insufficient to demonstrate that the court erred.

## DISPOSITION

The judgment is affirmed.  Respondents Amber Property Management, Huntington West Properties, Inc., Summergreen Homeowners Association, Olga Marquez, Victor Enciso, Libertad Torrico, Bill Hencke, and Richard Leynes are awarded their costs on appeal.


KRIEGLER, J.


I concur:


TURNER, P. J.

6

MOSK, J., Concurring

I concur.

The record is at least inadequate as to the decision to grant the judgment on the pleadings without leave to amend, as the determination not to give leave to amend is within the discretion of the trial court. As we review the judgment on the pleadings de novo, arguably a transcript of the hearing is not necessary for our review. In any event, plaintiff has not stated facts sufficient to constitute a cause of action.

The first cause of action is for breach of contract based on a foreclosure on plaintiff's property and the purchase of the property by Federal National Mortgage Association (Fannie Mae). The allegations are that Summergreen aided Fannie Mae in evicting plaintiff from the property. Plaintiff does not state how this was a breach of a contract. If the claim was for the failure of Summergreen to comply with covenants, conditions and restrictions, those claims were adjudicated in a prior action and thus are barred by the doctrine of res judicata. There are no facts stated suggesting how defendants had any role in the foreclosure. The second cause of action is for breach of fiduciary duty and is defective for the same reasons as applicable to the first cause of action. There is no allegation that Summergreen had or could have the power to stop the foreclosure action.

The third cause of action is for negligence. Plaintiff alleges that defendants in obtaining a summary judgment in the earlier action did not protect the interests of plaintiff. This claim is not comprehensible.

The fourth cause of action for negligent misrepresentation does not contain the necessary allegations for such a cause of action—e.g. that representations were made without reasonable grounds for believing them to be true, as well as reliance on representation, intent to induce reliance and damages. The cause of action lacks sufficient specificity.

1

The fifth cause of action for breach of the implied covenant of good faith and fair dealing lacks allegations as to obligations of the defendants.  For example, there is no allegation indicating how or why defendants would have any obligation relating to the foreclosure.

The sixth cause of action is for intentional infliction of emotional distress but does not state any facts showing the type of outrageous conduct sufficient for such a valid cause of action.  The claim seems to be based on a foreclosure, but defendants are not the foreclosing party.

There are other possible defects in the pleading, including the defenses of res judicata and statute of limitations.  But no discussion of those grounds is necessary.  In short, the pleading fails to state facts sufficient to constitute a cause of action.  For these reasons I concur.


MOSK, J.