Filed 3/2/22  Garg v. Toll Brothers CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| OM P. GARG, | |
| Plaintiff and Appellant, | G060521 |
| v. | (Super. Ct. No. 30-2019-01081047) |
| TOLL BROTHERS, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.

Om P. Garg, in pro. per., for Plaintiff and Appellant.

Kibler Fowler & Cave, Matthew J. Cave and Kevin C. Kroll for Defendant and Respondent.

# INTRODUCTION

Om Garg, representing himself, appeals from a judgment entered after the trial court granted the summary judgment motion of respondent Toll Brothers, Inc. Garg claimed that Toll Brothers owed him $70,000 as a commission on a house bought by his daughter in a Toll Brothers development. The agreement to pay a commission was, however, contingent on Garg's possession of a valid real estate license at the time of execution. It is undisputed that Garg's real estate license had expired and that he did not renew it until a few months later.

The trial court granted Toll Brothers' motion for summary judgment on the ground that Garg's failure to have a valid license automatically terminated the agreement. Garg's arguments that Toll Brothers waived the requirement or that it subsequently ratified the agreement were unavailing.

The record Garg has placed before us consists of the first amended complaint, the declaration he filed in opposition to Toll Brother's motion for summary judgment (without exhibits), and some miscellaneous correspondence. This record is wholly inadequate for our review and does not begin to comply with the requirements for an appellant's appendix set out in the California Rules of Court. Toll Brothers has filled in a few gaps by means of a respondent's appendix, so we have some idea of what went on in the trial court during the summary judgment process.

Toll Brothers' information does not, however, change the outcome. The appellant's failure to provide a reviewable record requires us to affirm the judgment because error cannot be presumed and must be shown. This record does not show error. Garg's pervasive violations of the California Rules of Court pertaining to the record on appeal and to the appellant's brief also militate in favor of affirmance.

**FACTS**

In his first amended complaint, Garg alleged that in December 2018, he took his daughter to tour model homes in a Toll Brothers development in Irvine. While there, he asked the sales manager if Toll Brothers paid a commission to a broker for introducing a buyer. The sales manager said it did and presented Garg with a "Real Estate Agent Co-Op Program Registration Form, Southern California Community (2018)," which both Garg and the sales manager signed. Garg's daughter allegedly purchased a home in the development.

The agreement allegedly contained the following language: "Agent must hold a valid and active California real estate license at the time of Buyer registration and through the time the commission is paid. . . . If Agent does not hold such valid license at the aforementioned times, this Agreement shall automatically terminate, and no payment will be issued."

The order granting Toll Brothers' motion for summary judgment alluded to the language of the agreement requiring a valid real estate license and the evidence showing that Garg did not have one at the time he entered into the agreement. The court concluded that the agreement had terminated automatically, since Garg did not have the requisite license. The court also referred to Garg's contention that the Toll Brothers' sales manager had subsequently waived the requirement, noting that a terminated agreement cannot be revived by subsequent statements. The court entered judgment in favor of Toll Brothers.

**DISCUSSION**

Although Garg is representing himself, self-representation does not excuse his failure to furnish our court with an acceptable record. An appellant who chooses to represent himself must follow the same rules that apply to lawyers. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) More important, we simply do not have the information we would need to reverse.

3

We are required to assume that the trial court's judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Cahill v. San Diego Gas & Electric Co*. (2011) 194 Cal.App.4th 939, 956.) Accordingly, the appellant has the burden of showing error. To do so, the appellant must present us with an adequate record for review. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.) In the absence of such a record, we must presume the correctness of the trial court's ruling. (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) We do not consider the merits of an appeal with an inadequate record, whether that record is produced by counsel or by a party. (See *Ballard v. Uribe, supra,* 41 Cal.3d at p. 575.)

California Rules of Court rule 8.124(b) [1] sets out the required contents of an appellant's appendix, Garg's record in this case. The appendix must include the notice of appeal, the judgment appealed from, and the register of actions. (Rules 8.124(b)(1), 8.122(b).) In addition, the appendix must include any other document from the superior court file necessary for the consideration of the appeal and any document that the respondent is likely to rely on. (Rule 8.124(b)(2).)

Garg's appendix consists of a copy of the first amended complaint, without exhibits, a copy of his declaration in opposition to the Toll Brothers summary judgment motion, without exhibits, and some miscellaneous correspondence that does not show any indication of having been included in the superior court file. Rule 8.124(g) provides that "[f]iling an appendix constitutes a representation that the appendix consists of accurate copies of documents in the superior court file." The rule also permits the reviewing court to impose sanctions for violations.

Garg's violations of the rules pertaining to an appellant's appendix lead to violations of the rules relating to briefs. Rule 8.204(a)(1)(C) requires a party filing a brief to "[s]upport any reference to a matter in the record by a citation to the volume and

---

[1]     All further references are to the California Rules of Court.

4

page number of the record where the matter appears." "We may decline to consider passages of a brief that do not comply with this rule." (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 60 (*Lueras*).) Rule 8.204(a)(2)(C) requires an appellant to "[p]rovide a summary of the significant facts limited to matters in the record." Because the record is nearly non-existent, Garg's opening brief repeatedly violates both rules. "A party on appeal has the duty to support the arguments in the briefs by appropriate reference to the record, which includes providing exact page citations. We have no duty to search the record for evidence and may disregard any factual contention not supported by proper citations to the record." (*Air Couriers Internat. v. Employment Development Dept.* (2007) 150 Cal.App.4th 923, 928; *Sharabianlou v. Karp* (2010) 181 Cal.App.4th 1133, 1149 ["we will not scour the record on our own in search of supporting evidence"].)

Garg may have hoped to make up for these deficiencies by attaching documents to the end of his opening brief.[2] Rule 8.204(d) permits a party to attach "copies of exhibits or other materials in the appellate record or copies of relevant local, state, or federal regulations or rules, out-of-state statutes, or other similar citable materials that are not readily accessible."[3] The attached documents must, however, be copies of "materials in the appellate record." The materials attached to Garg's brief are not in the appellate record he provided to this court. We cannot consider them.

Asserting purported facts unsupported by record citations results, at a minimum, in the assertions being disregarded. *(Liberty National Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846; see also *SCC Acquisitions, Inc. v. Central Pacific Bank* (2012) 207 Cal.App.4th 859, 863; *Lueras, supra,* 221

---

2      One of the attachments is a single page purportedly from the hearing on the summary judgment motion. Rules 8.120(b), 8.121(b)(1)(C), and 8.130 govern the preparation and filing of a reporter's transcript on appeal. The record before us does not show that any of these rules has been observed.

3      The rule allows no more than 10 pages of such attachments without permission from the presiding judge. Garg violated the rule's page limit.

Cal.App.4th at p. 60.) In this case, nearly all of Garg's factual assertions must be disregarded, even if we were to consider the documents in the respondent's appendix as being included in the record, because they do not refer to the "page number of the record where the matter appears." (Rule 8.204(a)(1)(C).)

For example, Garg disputes the trial court's finding that there were no triable issues of material fact. He then lists some "facts" he claims were triable. There are no citations to the record for any of these facts, some of which are not facts at all but conclusions. Likewise, Garg disputes the court's finding that statements made by the sales manager did not waive the requirement of a valid real estate license. Again he recites "facts" with no citations to the record.

Garg also largely ignores the main legal issue underlying the court's ruling – the automatic termination of the agreement for failure to possess a valid real estate license. Instead of addressing automatic termination, Garg simply asserts that the provision was illegal, and the court erred in not finding it so. He provides no authority for the argument that an automatic termination provision in a contract is illegal. (See rule 8.204(a)(1)(B).)

Finally, Garg refers us to divine law and urges us to redress violations of this law, excerpts of which he has included in the attachments to his opening brief. We are interpreters of the law of the State of California, not of divine law. That is for another court entirely.

## DISPOSITION

The judgment is affirmed.  Respondent is to recover its costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7