Filed 9/6/22  Marriage of Winfree CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| In re the Marriage of ELMER and DONNA WINFREE. | C089605 |
| ELMER WINFREE,<br><br>Respondent,<br><br>v.<br><br>DONNA WINFREE,<br><br>Appellant. | (Super. Ct. No. 172785) |

SUMMARY OF THE APPEAL

In this appeal, Appellant/Respondent Donna Winfree (Wife) challenges various determinations made by the trial court when it entered a judgment dividing the community property of Wife and Respondent/Petitioner Elmer Winfree (Husband) in

1

their marital dissolution action. All of Wife's arguments assert the court made findings or awards that were not supported by substantial evidence, were an abuse of discretion, or were contrary to the evidence provided. Because Wife has not provided this court with a reporter's transcript, settled statement, or agreed statement memorializing two out of the four days during which this case was tried, we lack a sufficient record with which to assess her arguments. Accordingly, we affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

The central problem with Wife's appeal is that we do not have a sufficient record of two days of oral proceedings for a four-day trial. As a result, many of the facts—and even the range of the parties' representations about those facts—remain unclear. Here we provide only minimal factual and procedural details for context, and in the discussion we will incorporate additional information regarding the proceedings below and content of the record as needed.

Husband and Wife were married on April 14, 1990. They separated on either July 29 or July 30, 2011. Husband filed a petition for dissolution of marriage on August 10, 2011, and Wife filed a response in which she also requested a dissolution of the marriage on August 17, 2011.

On September 27, 2012, the trial court entered a stipulated judgment of dissolution as to marital status only, effective February 18, 2013. The court retained jurisdiction over all remaining issues.

The trial court held a four-day bench trial—which was spread out over approximately one year—to determine how to divide the community estate. Wife has presented us with a reporter's transcript for the second and third days of trial, but not for the first or fourth day. Wife has not provided a settled statement under California Rules of Court, rule 8.137, or an agreed statement under California Rules of Court, rule 8.134 for the first or fourth day of trial.

2

On September 11, 2018, the trial court issued a tentative and proposed statement of decision on all reserved issues related to the petition and dissolution of the Winfree's marriage (first proposed statement). Husband filed a list of objections and exceptions to the first proposed statement. Based on the record before us, Wife did not. On September 26, 2018, the court issued an amended tentative and proposed statement of decision on all reserved issues related to the petition and dissolution of the Winfree's marriage (second proposed statement). It appears from the partial record that we have, that neither party objected to the second proposed statement.

The trial court issued its judgement on the reserved issues, which consisted primarily of a division of property, on April 10, 2019.

The following aspects of the judgment are at issue in this appeal:

The court awarded each party 50 percent of the community value of a Morgan Stanley IRA, to be divided by a qualified domestic relations order[1] with the parties to pay equally for the cost. The court found that the community had a 16.38 percent interest in the account as of June 30, 1991. The court found that the community took out $30,000 from the IRA in May 2016 and ordered each party to cover the tax on their share of the withdrawal. The court found that Husband withdrew $1,000 per month from the account over a period of 72 months for a total of $72,000, and ordered that the withdrawals be charged against his share of the account and that he pay the resulting taxes. The court found that 83.62 percent of the Morgan Stanley account as of June 30, 1991, was Husband's separate property and awarded it to him.

---

[1] "Under provisions of the federal Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 et seq.; hereafter ERISA), private retirement plans may, pursuant to a state court's domestic relations order, pay a portion of an employee participant's retirement benefits directly to the employee's former spouse or dependents, if and only if the state court order meets certain specifications. Such an order is a 'qualified domestic relations order' . . . . (29 U.S.C. § 1056(d)(3).)" (*In re Marriage of Oddino* (1997) 16 Cal.4th 67, 71.)

The court awarded Husband a 1997 Monoco RV (the RV) from community property, and found that the fair market value of the RV was $16,900.

Pursuant to *In re Marriage of Watts* (1985) 171 Cal.App.3d 366, 374 (*Watts*)[2] the court required Wife to reimburse the community—i.e., it imposed a *Watts* charge—for her use of the marital home for each full month between the date of separation and the date it issued its first proposed decision. The court calculated Wife's reimbursement obligation to the community as $1,500 per month over a period of 85 months, for a total of $127,500.

The court did not impose a *Watts* charge on Husband for his use of the RV after the date the parties separated.

The court determined that both parties were entitled to a *Marriage of Epstein* (1979) 24 Cal.3d 76, 83-84[3] reimbursement (*Epstein* credit) for payments they individually made after they separated, toward a community debt on a 2009 Chevrolet Silverado truck (Silverado).

The clerk of court served a notice of entry of judgment on the parties on April 10, 2019. Wife filed a timely notice of appeal on May 24, 2019.

---

[2] Under *Watts*, *supra*, 171 Cal.App.3d at page 374 courts have the authority to charge a spouse in a marital dissolution action for the fair value of that spouse's exclusive use of community property between the date the parties separated and the date on which the community no longer has an interest in the property. "The trial court determines what is due the community 'after taking into account all the circumstances' relevant to the exclusive possession by one spouse. (*In re Marriage of Watts*, *supra*, 171 Cal.App.3d at p. 374.)" (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 979.)

[3] Under *Epstein*, *supra*, 24 Cal.3d at pages 83-84, the court may order the community to reimburse—and give a credit to—a spouse who has used his or her separate funds to make postseparation payments on a preexisting community obligation.

DISCUSSION

Wife argues that substantial evidence does not support the trial court's findings relating to the division of the IRA and the value of the RV. Wife also argues that the court abused its discretion in, on the one hand, imposing a *Watts* charge on her for her use of the marital home after the parties separated and, on the other hand, not imposing a *Watts* charge on Husband for his use of the RV after separation. Additionally, Wife argues that the trial court's award of *Epstein* credits to the Husband for payments on the Silverado was contrary to the evidence provided—because Husband testified he did not make payments on the Silverado.

In respondent's brief, Husband argues we should affirm the trial court's judgment. Husband makes two arguments. His first argument concerns the adequacy of the record of the oral proceedings in the trial court. Husband takes the position that trial court judgments are presumed correct, with all presumptions favoring a judgment on matters where the record it is silent; and an appellant has the duty to show error in a challenged judgment with an adequate record. As a consequence, Husband reasons, because Wife did not provide an adequate record of the oral proceedings at trial, she cannot demonstrate the trial court erred in making the rulings she challenges on appeal. Second, Husband argues that because Wife failed to object to the trial court's proposed statement of decision, we should imply findings to support the judgment. Because we agree that Wife has failed to provide an adequate record on appeal, and with his arguments regarding the impact of that failure, we affirm the judgement and need not consider Husband's second argument.

In *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609, our Supreme Court explained why it is important for an appellant to provide an adequate record on appeal: "it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of

5

the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. (See, e.g., *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 []; see generally 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 355, p. 409 [citing cases].) 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' (9 Witkin, supra, § 355, at p. 409; see Cal. Const., art. VI, § 13.) 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "*[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.*" ' (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127 [].) ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 [].) 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [].)" (Italics added.) "The California Rules of Court provide an appellant with a choice of several types of records" of oral proceedings, "upon which to take an appeal." (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) According to rule 8.120, "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."

While courts have found that, "[a] reporter's transcript may not be necessary if the appeal involves legal issues requiring de novo review," (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483), "where the appellant fails to produce a

6

*complete* record of oral trial proceedings, a challenge based on the claim of evidence insufficiency will not be heard.  (*Construction Financial v. Perlite Plastering Co.* (1997) 53 Cal.App.4th 170, 179 [].)"  (*Estate of Fain* (1999) 75 Cal.App.4th 973, 987, italics added.)  The need to supply an adequate record of oral proceedings also applies in cases in which appellate courts are asked to review a trial court's finding for an abuse of discretion.  (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1291, 1295-1296 [Applying an abuse of discretion standard in reviewing an award of attorney's fee, and concluding "it unnecessary . . .  to remand this case to redetermine attorney fees.  It is the burden of the party challenging the fee award on appeal to provide an adequate record to assess error . . .  Here, defendants should have augmented the record with a settled statement of the proceeding. . . . Because they failed to furnish an adequate record of the attorney fee proceedings, defendants' claim must be resolved against them"].)

Because all of Wife's arguments claim the trial court made a finding or award that was not supported by substantial evidence, was an abuse of discretion, or was contrary to the evidence provided, and we lack a sufficient record of the oral proceedings upon which those findings and awards were based, all of her arguments fail.

In her reply brief, Wife makes various arguments to try to convince the court her failure to include a complete record of oral proceedings at trial is not fatal to this appeal. Essentially, her arguments boil down to a three-pronged attack.  First, she tries to distinguish this case from the cases cited in Husband's brief by pointing out that in those cases the appellants provided no records of oral proceedings and here she provided some of the record of oral proceedings and she argues that as a result the rules articulated in the cases cited by Husband have no application here.  Second, she takes the position that her failure to provide a complete record of the oral trial proceedings only upends her appeal if the missing record might add to our understanding of the issues on appeal; and she observes that Husband has not shown the missing transcripts "could reasonably be expected to contain evidence that would support the trial court's challenged rulings."

Third, she points to items in the record she did provide—including somewhat detailed but not exhaustive minute orders—and contends they demonstrate it is not reasonably likely any critical statements were made during the portions of trial for which we do not have a reporter's transcript.

The first and second prongs of Wife's argument tread too closely to a shifting of burdens on appeal when an appellant provides any portion of a transcript from a hearing during which a trial court took argument or testimony. It is an appellant's burden to provide a sufficient record; it is not the respondent's—or the court's burden—to piece together a showing that evidence and statements in support of a finding and ruling likely exist when given an incomplete record.

As to the third prong, while the available record and the transcript of days two and three of the trial may provide some detail about what transpired on days one and four, it does not include enough detail to convince us no one said anything on those days that could support the trial court's rulings. Here, the central purpose of the four-day trial was to enable the trial court to enter a judgment identifying and dividing all of the Winfrees' community property. The determinations and property divisions at issue in this appeal were not bifurcated from the other issues raised at trial or otherwise siloed off in a manner where the trial court would not have considered testimony relevant to the findings challenged here if the parties provided that testimony during the first or fourth day of trial. Though it is possible that the trial court and counsel managed to isolate all testimony and commentary relevant to the determinations appellant asks us to consider here to the two days for which we have transcripts, that is far from a foregone conclusion. (See, e.g., *Segal v. ASICS America Corp.* (2020) 50 Cal.App.5th 659, 666, review granted Sept. 30, 2020, S263569 ["Given that trials are unpredictable, however, it is difficult for even the most experienced trial lawyers to divine which exhibits and demonstratives will in fact be used"].) In some instances, the materials that we have suggest that the items

8

we do not have actually might have provided insight into the court's decisions. A few examples illustrate our point.

First, in her opening brief, in support of her argument that the trial court's $16,900 valuation of the RV was not supported by substantial evidence, Wife points out that Husband testified that he thought the RV was worth $20,000 to $22,000. The court then asked what value Wife would place on the RV. Her counsel stated Wife's unresearched opinion was the RV was worth $35,000, at which point the court noted the parties were not in agreement and it would wait to hear from Wife on direct. In her opening brief, Wife cites to the portions of her testimony contained in the reporter's transcript we do have and states, "[t]hereafter, however, when Wife testified, neither counsel examined her about the RV, and the court received no testimony from her regarding its potential value." But the transcripts we have do not capture the whole of Wife's testimony after this discussion. It is apparent from the minute order for day four of the trial that Wife both testified and was cross-examined, but the precise scope of her testimony is not identified. Under the circumstances, it is not unreasonable for this court to wonder whether Wife said something about the RV in the unreported testimony. Perhaps she did, perhaps she didn't but we are not required to guess.

Second, Wife argues that the valuation of the RV and awarding Husband credits for payments he made on the debt owing on the Silverado were contrary to Husband's express testimony. Specifically, she maintains the only evidence the court received on the value of the RV was Husband's statement that it was worth between $20,000 and $22,000, and she notes that when asked if he made payments on the Silverado during day two of the trial, Husband said he did not make payments. But, again, we are not required to guess whether there was conflicting testimony on these two subjects on days one or four of the trial. We know Wife testified on those days, but we do not know the range of topics her testimony covered, let alone what exactly she said about those topics.

9

Likewise, Husband testified on the first day of trial, and it may well be Husband said something that contradicted his statements about the value of the RV and payments on the Silverado during that testimony. The materials we have also appear to be devoid of any evidence regarding Wife's payments on the debt owing on the Silverado. But, in addition to giving Husband an *Epstein* credit for payments on the Silverado in the amount of $8,669, for payments from August 2011 to July 2013, the court awarded Wife an *Epstein* credit of $6,862 for payments made from August 2013 to January 2015. These numbers are very specific and suggest *something* else was provided to the court to guide it in reaching its determination on this issue. We are left to guess with an incomplete record.

Third, the minute order from day one of trial reflects it is probable at least some of the testimony taken and evidence heard on that day was about the parties' respective interests in the Lassen View property. But again, it is at least possible the testimony included statements regarding each parties' use of the property after separation and/or when and how often Husband stayed in the RV instead. Appellant has not offered a record that allows us to determine such.

Fourth, though when it divided the Morgan Stanley IRA the court adopted its calculations from the October 18, 2017, hearing, it is possible that Husband—who did not testify on the fourth day of trial—said something during his testimony on the first day of trial that informed the court's decision. Additionally, it is possible the court said something during the final day of hearings that clarified its reasoning for dividing the account the way it did.

In short, given the issues Wife has raised in this appeal, a complete record of the oral proceedings from *all four days* of trial, whether by transcript or by an agreed or a settled statement was necessary for us to properly resolve the issues raised in this appeal. Wife has failed to satisfy that requirement here.

DISPOSITION

The judgment is affirmed.  Each party shall bear his or her own costs on appeal.
(Cal. Rules of Court, rule 8.278.)

                                                           _____

                                                           HULL, Acting P. J.

We concur:

_____

RENNER, J.

_____

EARL, J.

11