Filed 3/16/15  Shankar v. Shoffner CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ARVIND SHANKAR, | B251729 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC119634) |
| v. | |
| GARY E. SHOFFNER et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Allan J. Goodman, Judge.  Affirmed.

Arvind Shankar, in pro. per., for Plaintiff and Appellant.

Nemecek & Cole, Jonathan B. Cole, Mark Schaeffer, Marshall R. Cole, for Defendant and Respondent Gary E. Shoffner.

Law Offices of Phillip K. Fife, Phillip K. Fife, in pro per., for Defendant and Respondent Phillip K. Fife.

_____

Plaintiff and appellant Arvind Shankar, M.D., appeals from an order granting a motion to strike a cause of action for malicious prosecution under Code of Civil Procedure section 425.16 (the anti-SLAPP statute)[1] in favor of attorneys Phillip K. Fife and Gary E. Shoffner. Shankar contends: (1) his appeal from an order granting a third party's anti-SLAPP motion imposed an automatic stay on further proceedings in the trial court on the malicious prosecution cause of action; (2) the trial court abused its discretion by denying requests to conduct discovery and present oral testimony at the hearing on the anti-SLAPP motion; (3) the action is based on unprotected criminal activity to which the anti-SLAPP statute does not apply; and (4) the underlying action terminated in his favor.

We conclude Shanker's prior appeal from an order granting a third party's anti-SLAPP motion did not automatically stay further proceedings in the trial court on the malicious prosecution cause of action as to the attorney defendants. The record on appeal is inadequate to review the trial court's discretionary rulings, because it lacks reporter's transcripts or suitable substitutes for hearings on Shankar's requests. The anti-SLAPP statute applies, because there are no undisputed or conceded facts establishing criminal activity, and the trial court correctly concluded Shankar failed to establish that the underlying action terminated in his favor. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

### Undisputed Facts

On May 3, 2004, a fictitious name permit application was filed with the Medical Board of California for a professional medical corporation named Chu Sarang Medical, Inc. (CSM). The application listed Jeffrey Chu, M.D., as the owner and sole shareholder

---

[1] SLAPP is an acronym for "Strategic Lawsuits Against Public Participation." (*Equilon Enterprise v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57, fn. 1.) All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

of the company.  Chu signed the application as President of CSM.  The person listed to be contacted regarding the application was Simon Hong.

On August 25, 2004, a statement of information was filed with the California Secretary of State for a domestic stock corporation in the name of CSM.  The statement of information listed Chu as the Chief Executive Officer, Secretary, and Chief Financial Officer.  Chu signed the statement of information as President of CSM.

On March 15, 2005, CSM entered into a written employment agreement with Shankar to practice at CSM.  The employment agreement warranted that CSM was a duly formed medical corporation and Chu was the president of CSM.  The agreement also stated if CSM was dissolved, no longer active as a corporation in the State of California, or unable to perform its obligations, Chu would assume CSM's obligations under the agreement.  Chu signed the agreement as president of CSM.

On January 11, 2007, a certificate of election to wind up and dissolve CSM was filed with the California Secretary of State.  Chu signed the certificate in his capacity as a director, officer or shareholder.  On January 25, 2007, a certificate of dissolution was filed for CSM stating that its known debts had been paid and known assets distributed.  Chu signed this certificate in his capacity as a director.

On September 6, 2007, attorney Fife filed a complaint on behalf of Chu, CSM, and Magnolia Medical Group, against Hong, Dae Sung L.G.G., Inc., Shanker, Jennifer Kim, and two additional defendants for fraud, breach of fiduciary duty, breach of contract, an accounting, recovery of personal property, unauthorized use of name and for indemnity based on billing and other actions in connection with a medical clinic.  On October 9, 2007, Shanker, acting in pro. per., filed a cross-complaint against Chu and CSM for damages and indemnity.  Shankar alleged CSM was the alter ego of Chu.

In December 2007, Hong prepared a declaration stating he incorporated CSM.  He asked Chu to serve as president and treasurer as long as the corporation was doing business.  Hong provided $400,000 in financing for CSM.  Hong was not aware of the legal requirements to maintain the corporation's existence and CSM did not adhere to those requirements.  Chu's authority to file a lawsuit on behalf of CSM ended when the

3

corporation was dissolved in 2007. Hong discharged Chu from all legal authority he may have possessed, and directed Chu and attorney Fife to dismiss the action asserted by CSM with prejudice.

In July 2008, attorney Fife asked attorney Shoffner to assist him with court and deposition appearances in the case. Shoffner associated in as co-counsel on the case on August 1, 2008. In May 2009, Shoffner performed his last service as associated counsel. Shoffner filed a notice of disassociation of counsel in 2010. Fife filed a motion to be relieved as counsel of record for Chu and CSM, which was granted on August 4, 2010.

At some point, Chu retained attorney Ekwan Rhow at the law firm of Bird, Marella, Boxer, Wolpert, Nessim, Drooks and Lincenberg, P.C. Hong and Dae Sung were represented by attorney Robert C. Moest.

In September 2012, Chu executed a settlement agreement with Hong and Dae Sung. The agreement contains the following recitals: No shares of CSM were purchased or issued. No board of directors was elected for CSM. Hong filed CSM's articles of incorporation. Chu initiated the lawsuit and directed attorney Fife to represent CSM without Hong's approval. In January 2008, Chu was aware that Hong had directed him to cease prosecuting actions on behalf of CSM.

Chu, Hong and Dae Sung agreed to release all claims they might have against each other or their respective attorneys. Chu agreed to release any claim to control the actions of CSM, to authorize attorneys to act on behalf of CSM, or to preclude attorneys directed by Hong from acting on behalf of CSM. Chu agreed to file a request for dismissal with prejudice of the lawsuit as to Hong and Dae Sung.

On September 19, 2012, Hong filed an authorization designating Moest to represent CSM. On September 24, 2012, attorney Moest, on behalf of CSM, sent an offer pursuant to section 998 to compromise all claims and cross-claims asserted in the complaint and cross-complaint between CSM and Shankar by allowing judgment to be entered in favor of Shankar and against CSM in the amount of $1.5 million. That same day, attorney Moest, on behalf of CSM, executed a request for dismissal of all CSM's causes of action against Shankar. The dismissal was entered by the court on September

4

27, 2012. Shankar executed the offer to compromise on September 28, 2012. On October 2, 2012, attorney Moest, on behalf of CSM, filed notice of the offer to compromise and Shankar's acceptance, along with a proposed judgment in favor of Shankar as against CSM in the amount of $1.5 million. Judge Robert Hess entered the judgment on October 11, 2012.

On January 4, 2013, attorney Moest filed the complaint in the instant action on behalf of Shankar against Chu, attorneys Fife and Shoffner, and five additional defendants for fraud, breach of contract, fraudulent transfer of assets, an accounting, malicious prosecution, unauthorized use of name and unfair business practices. Several defendants filed a demurrer.

On March 1, 2013, attorney Kane Moon, on behalf of Chu and related defendants, filed an anti-SLAPP motion as to the cause of action for malicious prosecution.

Shanker apparently filed a motion seeking to add Chu as an additional judgment debtor on the judgment against CSM in the underlying action. A hearing was held on March 27, 2013. The trial court granted the motion. Shanker filed a proposed judgment and Chu filed objections to the judgment.

On April 5, 2013, Moest filed an amended complaint on behalf of Shankar for fraud, breach of contract, fraudulent transfer of assets, an accounting and malicious prosecution. Moest also filed an opposition to Chu's anti-SLAPP motion on April 8, 2013.

On April 18, 2013, Shankar filed a substitution of attorney and proceeded in pro. per. A hearing was held on April 19, 2013, and the matter was submitted. No reporter's transcript has been made part of the appellate record. The minute order reflects the trial court's tentative ruling that Chu met his burden to show the anti-SLAPP statute applied and no evidence showed Chu's conduct was illegal. The court noted that dismissal based on a settlement of the underlying action generally does not reflect on the merits of the action. The court focused on the offer to compromise served on September 24, 2012, which was prepared by attorney Moest as attorney for CSM and who was now representing Shanker in the instant action. Although Shanker did not sign the offer to

5

compromise until September 28, 2012, there was no evidence that the dismissal was not part of the $1.5 million settlement agreement. Considering attorney Moest's direct involvement in preparing and filing all of the documents, it could not reasonably be inferred that the dismissal indicated a lack of merit as opposed to settlement by the parties of the underlying claims. Although Judge Stern had granted Shanker's motion to amend the October 11, 2012 judgment to add Chu as a judgment debtor, Chu had objected and a motion for judgment was pending. In addition, Chu argued that his action was still pending. The court concluded there was nothing to show the underlying action resulted in a favorable termination for Shanker.

On April 22, 2013, the trial court issued a minute order adopting the tentative ruling as the final ruling and granting Chu's anti-SLAPP motion on the ground that Shankar failed to demonstrate the underlying action had terminated in his favor. The minute order noted two potential explanations for the dismissals filed on behalf of CSM in the underlying case: either they were part of the settlement between CSM and Shankar, or they were unrelated to the settlement. Apparently, two dismissals were filed with the trial court, although only one has been made part of the record on appeal. The court stated, "If the dismissals were the result of the § 998 settlement, the court cannot find, as a matter of law, that the underlying action terminated favorably to Dr. Shankar for the reasons set forth in the tentative. Nonetheless, in an effort to explain the existence of two dismissals in [the underlying case,] Dr. Shankar conceded during oral argument he submitted two copies of the dismissal to the court, which were entered by different court clerks. It is unusual for a defendant to be filing a dismissal of a plaintiff's claims, especially given the dismissals were prepared by attorney Moest on behalf of [CSM], not on behalf of Dr. Shankar. Dr. Shankar contends that the dismissals were the result of [CSM's] acknowledgement that the case had no merit and was not part of the § 998 settlement. However, the settlement and dismissal(s) were prepared and signed by Mr. Moest on behalf of [CSM] on September 24, 2012, and again reflect that it is being made on behalf of [CSM], as plaintiff and cross-defendant. That the dismissals were filed either one or two days before Dr. Shankar signed the acceptance of the § 998 offer

6

appears to be the result of Dr. Shankar's actions, not those of [CSM]. Therefore, the evidence supports a finding that the dismissal was part of the § 998 settlement."

The court continued, "Nevertheless, even if the dismissals were unrelated, Dr. Shankar has failed to provide any evidence to support his contention that they reflected on the merits of the action. As set forth in the tentative ruling, it is not enough to show that a proceeding was dismissed. The reason for the dismissal must be examined. In this case, other than the settlement context discussed above, there is no evidence reflecting on the reason for the dismissal(s). Dr. Shankar's argument that the dismissals were based on [CSM's] belief that its claims lacked merit is conjectural. There was no looming trial date, no pending summary judgment motion, nor any other circumstance indicating that the dismissals were merit-based. Moreover, at the hearing, Dr. Shankar conceded that while the underlying claims of [CSM] may have been voluntarily dismissed with prejudice, the action is still pending as to Dr. Chu."

The court noted that Shankar had filed a substitution of attorney, but told the court that attorney Moest would likely substitute back in sometime in the future. All of the papers that Moest had filed on Shankar's behalf listed the same Wilshire Boulevard address that Shankar listed for himself in pro. per. in the underlying action. The California State Bar listed a different address for attorney Moest.

Shankar filed a notice of appeal from the ruling in favor of Chu on May 1, 2013.

**Shoffner's Anti-SLAPP Motion and Supporting Evidence**

On May 9, 2013, Shoffner filed an anti-SLAPP motion as to the cause of action against him for malicious prosecution. Shoffner argued that the claim was based on protected activity and the exception to the anti-SLAPP statute for criminal activity did not apply. Shanker could not show Shoffner initiated or directed the underlying action, because he did not participate in the decision to name the defendants and did not maintain the underlying action. Shanker could not establish a favorable termination on the merits, because the action was dismissed after the settlement without reflecting on the merits of

7

the action. Probable cause existed based on the information that Chu provided, and Shanker cannot show Shoffner acted with malice.

## Shanker's Opposition to Shoffner's Anti-SLAPP Motion and Supporting Evidence

Shanker filed an ex parte application to take Shoffner's anti-SLAPP motion off calendar, arguing an automatic stay applied based on his appeal of the order granting Chu's anti-SLAPP motion. A hearing was held on June 6, 2013. No reporter's transcript has been made part of the appellate record. The trial court denied the application.

Shanker filed an ex parte application to continue the date of the hearing on Shoffner's anti-SLAPP motion to allow time for Shanker to file a motion for leave to conduct discovery. Shoffner opposed the ex parte application. A hearing was held on June 24, 2013. No reporter's transcript is part of the record on appeal. The trial court denied the application without prejudice.

Chu filed a motion in the underlying action to set aside the judgment entered October 11, 2012, and the order granting Shankar's motion to add Chu as an additional judgment debtor, on the ground that the judgment was based on an invalid offer to compromise.

Shankar filed an ex parte application for an order shortening time to file a motion for leave to conduct discovery. Shoffner opposed the application. A hearing was held on July 1, 2013. No reporter's transcript has been made part of the record on appeal. The trial court denied the application with prejudice.

Shanker filed an opposition to Shoffner's anti-SLAPP motion on the grounds that the underlying action was founded on illegal conduct, terminated in his favor, Shoffner had no probable cause to prosecute the underlying action and his conduct was malicious.

He submitted his own declaration and a request that the trial court take judicial notice of the entire files in two previous cases. Shanker declared that Fife was served with Hong's written instruction to Chu in January 2008 to cease prosecution of the

8

underlying action on behalf of CSM. He prevailed in the case, because CSM dismissed the action against him without obtaining any recovery of any type.

Shanker filed requests to present oral testimony of Chu, Shoffner, and Fife at the hearing on the anti-SLAPP motion.

## Additional Proceedings

Fife filed a notice of joinder in Shoffner's anti-SLAPP motion. Shoffner filed objections to Shanker's evidence in opposition to the anti-SLAPP motion. He also opposed Shanker's requests to present oral testimony at the hearing and filed a reply to the opposition to the anti-SLAPP motion. On August 1, 2013, Fife filed his own anti-SLAPP motion as well.

A hearing was held on August 15, 2013. No reporter's transcript has been made part of the record on appeal. The trial court denied Shanker's requests to present oral testimony. After the trial court issued its tentative ruling, Shanker filed a statement of disqualification. The trial court struck the statement of disqualification and continued the hearing. On August 30, 2013, Shanker filed an opposition to Fife's anti-SLAPP motion.

A hearing was held on the anti-SLAPP motions on September 4, 2013. No reporter's transcript has been made part of the record on appeal. The trial court took the matter under submission and issued a minute order later that day. The court denied Shanker's requests to present oral testimony. The court noted Shankar's argument that the underlying action was based on fraudulent and perjurious documents: a fraudulent statement of information submitted to the Secretary of State by Chu and verifications of discovery responses served by Fife. However, Shankar's declaration in opposition to the anti-SLAPP motion did not support the facts cited. No authority or evidence was cited to support Shankar's conclusory argument that Shanker's statements about Shoffner's state of mind must be accepted as true. Even if Chu lacked standing to sue on behalf of CSM, there is no authority showing the filing of the underlying action constituted illegal activity. Nothing shows Shoffner or Fife's alleged conduct, even if true, was illegal as a

9

matter of law. Shoffner met the threshold burden to show his acts were protected under the anti-SLAPP statute.

The trial court noted that the offer to compromise was prepared and served by Moest as attorney for plaintiff and cross-defendant CSM on September 24, 2012. Moest prepared and signed the request for dismissal that same day, which was entered by the court on September 26, 2012. "While the proof of acceptance of the CCP § 998 offer was not signed by Dr. Shankar until September 28, 2012, there is absolutely nothing to show that the dismissal was not part and parcel of the $1.5 million settlement. In light of Mr. Moest's direct involvement in preparing and filing all of these documents, the court cannot reasonably infer that the order in which they were filed with the court is indicative of a lack of merit versus a settlement by the parties of the underlying claims." The court concluded Shankar had failed to demonstrate the dismissal in the underlying action reflected on the merits of the action. Therefore, Shankar could not demonstrate a necessary element of the malicious prosecution cause of action. The trial court granted Shoffner's anti-SLAPP motion, found Fife's joinder to be proper, and granted the anti-SLAPP motion as to Fife as well.

Shanker filed a notice of appeal from the September 4, 2013 order. On October 3, 2013, the trial court entered a written order granting Shoffner's anti-SLAPP motion and finding Fife's joinder proper, taking Fife's anti-SLAPP motion off calendar as moot, and granting Shoffner's request for attorney fees. On September 3, 2014, this appellate court affirmed the order granting Chu's anti-SLAPP motion. (*Shankar v. Chu* (Sept. 3, 2014, B248413) [nonpub. opn.].)

**DISCUSSION**

**Effect of Pending Appeal**

Shanker contends his appeal from the trial court's order granting Chu's anti-SLAPP motion imposed on an automatic stay on further trial court proceedings as to the

10

cause of action for malicious prosecution. As a result, he argues the order granting the attorneys' anti-SLAPP motion is void for lack of jurisdiction.

Section 916, subdivision (a), provides in pertinent part, "[T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." An appeal from an order denying a special motion to strike under the anti-SLAPP statute automatically stays further trial court proceedings on the merits of causes of action affected by the motion. (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 188 (*Varian*).) The trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order. (*Ibid*.) However, no court has concluded that an appeal from an order granting an anti-SLAPP motion divests the trial court of jurisdiction as to matters related to other defendants. (Compare *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1427 (*Dowling*) [holding that perfection of an appeal from an order granting a special motion to strike under the anti-SLAPP statute does not automatically stay enforcement of a judgment awarding attorney fees and costs].) Had the Supreme Court intended otherwise, it would have overruled *Dowling*, rather than expressly limiting its holding in *Varian* to orders denying special motions to strike. (*Varian*, *supra*, at p. 195 ["we . . . hold that an appeal from the denial of an anti-SLAPP motion automatically stays further trial court proceedings on the merits"].)

The trial court had jurisdiction to decide the anti-SLAPP motions brought by the attorney defendants after Shanker filed a notice of appeal from the order granting Chu's anti-SLAPP motion. The attorney defendants were not parties to the underlying action or to the appeal from the order granting Chu's anti-SLAPP motion. Although some of the issues and evidence overlapped, the merits of the malicious prosecution action against Chu did not necessarily embrace or affect the merits of the cause of action against the attorney defendants. For example, the issue and evidence of whether the underlying action was final as to Chu did not necessarily resolve whether the action was final as to

11

the attorneys who prosecuted the underlying action on behalf of CSM and substituted out of the case. Similarly, the issue and evidence of whether Chu had probable cause to prosecute the action was not necessarily the same as the issue and evidence of whether the attorneys had probable cause to prosecute the action. Denial of the stay request was not an abuse of discretion.

## Inadequate Record

Shanker contends the trial court abused its discretion by denying his requests to conduct discovery and present oral testimony at the hearing on the anti-SLAPP motion. The record is inadequate to review these contentions, because no reporter's transcripts of the hearings on these issues have been included in the record on appeal.

We review a trial court's order permitting or refusing discovery under section 425.16, subdivision (g), for an abuse of discretion. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1247.) "'Under this standard the reviewing court will not disturb the trial court's decision unless it "has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination."' [Citation.]" (*Ibid.*) Where there is a basis for the trial court's ruling and the ruling is supported by substantial evidence, we will not substitute our opinion for that of the trial court. (*Scripps Health v. Superior Court* (2003) 109 Cal.App.4th 529, 533.)

An applicant for ex parte relief "must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte." (Cal. Rules of Court, rule 3.1202(c).) Like a noticed motion, a trial court's ruling on an ex parte application for discovery is reviewed for an abuse of discretion. (*Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1061.)

In ruling on a motion, the trial court also has discretion to refuse oral testimony. (*Eddy v. Temkin* (1985) 167 Cal.App.3d 1115, 1121 [although trial court has "discretion

12

to accept oral testimony," it properly "exercised that discretion in favor of deciding the matter upon the declarations, which incorporated the depositions and documentary evidence"]; *McLellan v. McLellan* (1972) 23 Cal.App.3d 343, 359 ["[w]hile a court has the discretion to receive oral testimony, it may refuse to do so and may properly rule solely on the basis of affidavits"].)

The record on appeal does not include a reporter's transcript of the hearings on the requests at issue or suitable substitutes such as a settled statement under California Rules of Court, rules 8.137. We conclude the record is insufficient to demonstrate reversible error under settled California law.

"In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. [Citations.] [¶] The reason for this follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."' (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)" (*Foust v. San Jose Const. Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187.)

Without a record of the proceedings, we cannot review any arguments, concessions, or information presented to the trial court. The record and the argument on appeal are insufficient to demonstrate that the court erred. As noted above, we presume the judgment is correct unless the record affirmatively demonstrates otherwise, and no showing of an abuse of discretion has been made on appeal.

13

**Anti-SLAPP Motion**

Shankar contends the anti-SLAPP statute does not apply, because the complaint is based on unprotected criminal activity. Even if it does apply, he contends that he can show a probability of prevailing. We disagree.

### A. Statutory Scheme and Standard of Review

"Section 425.16 provides that a cause of action arising from a defendant's conduct in furtherance of constitutionally protected rights of free speech or petitioning may be stricken unless the plaintiff has a probability of prevailing on the merits. (§ 425.16, subd. (b)(1).) In ruling on a special motion to strike under section 425.16, the trial court employs a two-prong analysis. Initially, under the first prong, the trial court determines '"whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity . . . . If the court finds such a showing has been made, it then determines [under the second prong] whether the plaintiff has demonstrated a probability of prevailing on the claim." [Citation.]' (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733.)" (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 468-469 (*Lunada*).)

"To satisfy the second prong—the probability of prevailing—the plaintiff must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to support a favorable judgment if the evidence submitted by the plaintiff is accepted. The trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant. Although '"the court does not *weigh* the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim. [Citation.]" [Citation.]' (*Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1104-1105 (*Cole*).) The standard for determining the merits of a defendant's special motion to strike

14

a complaint is similar to that for determining the merits of a defendant's motion for summary judgment." (*Lunada*, *supra*, 230 Cal.App.4th at p. 469.)

"'We review an order granting an anti-SLAPP motion de novo, applying the same two-step procedure as the trial court. [Citation.] We look at the pleadings and declarations, accepting as true the evidence that favors the plaintiff and evaluating the defendant's evidence "'only to determine if it has defeated that submitted by the plaintiff as a matter of law.' [Citation.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 (*Soukup*).) The plaintiff's cause of action needs to have only "'minimal merit' [citation]" to survive an anti-SLAPP motion. (*Id.* at p. 291.)' (*Cole, supra,* 206 Cal.App.4th at p. 1105.)" (*Lunada*, *supra*, 230 Cal.App.4th at p. 470.)

## B. Protected Activity

Shankar contends the cause of action for malicious prosecution is based on criminal activity by the attorney defendants, and therefore, the anti-SLAPP statute does not apply. Specifically, he contends the statement of information that Chu submitted to the Secretary of State on behalf of CSM was fraudulent and Chu was never a legitimately elected director of CSM. The attorneys were aware of these facts. Therefore, he concludes the attorneys and Chu conspired in violation of Penal Code section 182 to falsely maintain the proceedings. We conclude Shankar's evidence does not support his contentions and the exception for criminal activity does not apply in this case.

"A cause of action 'arising from protected activity' means that the defendant's acts underpinning the plaintiff's cause of action involved an exercise of the right of petition or free speech. [Citation.] . . . In determining whether the first step has been established, i.e., the 'arising from' element of the anti-SLAPP statute, a court must consider the pleadings and any supporting and opposing affidavits stating the facts upon which alleged liability is based. [Citation.]" (*Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 443-444 (*Gerbosi*).)

"The plain language of the anti-SLAPP statute dictates that every claim of malicious prosecution is a cause of action arising from protected activity because every such claim necessarily depends upon written and oral statements in a prior judicial proceeding." (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 215; accord, *Jarrow Formulas, Inc. v. LaMarche, supra,* 31 Cal.4th at pp. 734-735 ["by its terms, section 425.16 potentially may apply to every malicious prosecution action, because every such action arises from an underlying lawsuit, or petition to the judicial branch"]; *Plumley v. Mockett* (2008) 164 Cal.App.4th 1031, 1047 ["malicious prosecution action arises from acts in furtherance of defendants' right of petition or free speech"].) We agree with the trial court that Shoffner and Fife satisfied their threshold burden to show the complaint arose from protected activity, as the allegations related to the filing of an action and their right to petition.

Shanker contends the attorneys are not entitled to the protection of the anti-SLAPP statute because they engaged in unlawful or criminal activity that does not qualify as protected activity under section 425.16. "[S]ection 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law and, for that reason, not protected by constitutional guarantees of free speech and petition." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 317 (*Flatley*).) "[W]hen a defendant's assertedly protected activity *may or may not be* criminal activity, the defendant may invoke the anti-SLAPP statute unless the activity is criminal as a matter of law. In coming to this result, the Supreme Court observed that an activity could be deemed criminal as a matter of law when a defendant concedes criminality, or the evidence conclusively shows criminality. At the same time, the Supreme Court cautioned that a defendant's '*mere assertion* that his [or her] underlying activity was constitutionally protected' will not suffice to shift to the plaintiff the burden of showing that the defendant's underlying activity was criminal, and not constitutionally protected. (*Flatley, supra,* 39 Cal.4th at p. 317, italics added.) As the Supreme Court aptly concluded, such a rule would 'eviscerate the first step of the two-step inquiry set forth in the [anti-SLAPP] statute.' (*Ibid.*) 'While a defendant need only make a prima facie showing that the underlying activity falls within the ambit of the

16

statute, . . . the statute envisions that the courts do more than simply rubberstamp such assertions before moving on to the second step.' (*Ibid.*)" (*Gerbosi, supra,* 193 Cal.App.4th at p. 446.)

"[O]nce the defendant has made the required threshold showing that the challenged action arises from assertedly protected activity, the plaintiff may counter by demonstrating that the underlying action was illegal as a matter of law because either the defendant concedes the illegality of the assertedly protected activity or the illegality is conclusively established by the evidence presented in connection with the motion to strike." (*Soukup, supra,* 39 Cal.4th at pp. 286-287.)

Shankar disputes Chu's ability to act on behalf of CSM at the time the defendant attorneys were prosecuting the underlying action. The evidence he cites, however, does not conclusively establish that the underlying lawsuit was brought on false pretenses. On its face, the statement of information appears valid. Hong admitted in his declaration that Chu had the authority to act on behalf of CSM, at least for some period of time. There is no evidence the defendant attorneys were aware otherwise. The fact that a defendant in the underlying lawsuit served a declaration on Chu stating he no longer had authority to act for CSM does not conclusively establish the truth of the declaration. In fact, Shankar alleged Chu was the alter ego of CSM. There is no undisputed evidence or concession by the defendant attorneys of illegal activity of the type to deprive the defendants of the protection of section 425.16.

### C. Probability of Prevailing

Shankar contends his evidence established a probability of prevailing on the cause of action for malicious prosecution. We conclude the trial court properly found the underlying action terminated by way of a settlement that did not reflect on the merits of the action, and therefore, Shankar cannot show that the action terminated in his favor.

To satisfy the second prong of the anti-SLAPP analysis, the plaintiff responding to an anti-SLAPP motion "'must demonstrate that the complaint is both legally sufficient

17

and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' [Citations.]" (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.) We consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) We do not "'weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.' [Citation.]" (*Soukup*, *supra,* 39 Cal.4th at p. 269, fn. 3.) "If the plaintiff 'can show a probability of prevailing on *any part of its claim,* the cause of action is not meritless' and will not be stricken; 'once a plaintiff shows a probability of prevailing on any part of its claim, the plaintiff *has established* that its cause of action has some merit and the entire cause of action stands.' [Citation.]" (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.)

To prevail, Shankar must demonstrate that, as to him, the underlying case "(1) was commenced by or at the direction of the defendant[s] and was pursued to a legal termination favorable to [Shankar]; (2) was brought without probable cause; and (3) was initiated with malice. [Citation.]" (*Soukup, supra,* 39 Cal.4th at p. 292.)

"'"'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution].' [Citations.] [¶] It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, termination must *reflect* on the merits of the underlying action. [¶] It is apparent 'favorable' termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution."

([Citation], italics in original, fn. omitted.)'" (*Robbins v. Blecher* (1997) 52 Cal.App.4th 886, 893.)

"'The key is whether the termination reflects on the underlying defendant's innocence. [Citations.] If the resolution of the underlying litigation "leaves some doubt as to the defendant's innocence or liability [, it] is *not* a favorable termination, and bars that party from bringing a malicious prosecution action against the underlying plaintiff." ([Citation], italics in original.) "'A termination [by dismissal] is favorable when it reflects "the opinion of someone, either the trial court or the prosecuting party, that the action lacked merit or if pursued would result in a decision in favor of the defendant."'" [Citation.] [¶] . . . The focus is not on the malicious prosecution plaintiff's opinion of his *innocence*, but on the opinion of the dismissing party." ([Citation], italics in original.) "The test is whether or not the termination tends to indicate the innocence of the defendant or simply involves technical, procedural or other reasons that are not inconsistent with the defendant's guilt." [Citations.]'" (*Robbins v. Blecher*, *supra*, 52 Cal.App. 4th at p. 893.)

"'A voluntary dismissal may be an implicit concession that the dismissing party cannot maintain the action and may constitute a decision on the merits. [Citations.] "It is not enough, however, merely to show that the proceeding was dismissed." [Citation.] The reasons for the dismissal of the action must be examined to determine whether the termination reflected on the merits.' [Citations.] A voluntary dismissal on technical grounds, such as lack of jurisdiction, laches, the statute of limitations or prematurity, does not constitute a favorable termination because it does not reflect on the substantive merits of the underlying claim. [Citations.]" (*Robbins v. Blecher*, *supra*, 52 Cal.App.4th at pp. 893-894.)

Shankar has not established that the underlying action terminated in his favor. Attorney Moest, who had previously represented defendant Hong in the underlying action, prepared a section 998 offer to compromise and a dismissal of CSM's causes of action against Shankar on the same day. The fact that the documents were prepared the same day suggests that they were part of one settlement agreement. Under the

19

circumstances, entry of the dismissal prior to Shankar's execution of the settlement agreement does not reflect on the merits of the causes of action. There was no pending trial or other circumstances to suggest the settlement and dismissal resulted from the merits of the case. The trial court correctly concluded that the settlement and dismissal of the causes of action against Shankar in the underlying action were not shown to be a favorable termination to Shankar.

## DISPOSITION

The order granting the anti-SLAPP motion in favor of defendants Shoffner and Fife is affirmed. Shoffner and Fife are awarded their costs on appeal.


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.

20