Filed 7/21/15  C.C. v. M.R. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| C.C.,<br><br>        Respondent,<br><br>        v.<br><br>M.R.,<br><br>        Appellant. | D066645<br><br><br>(Super. Ct. No. DN133101) |

APPEAL from an order of the Superior Court of San Diego County, Kelly C. Dowlan, Commissioner.  Affirmed.

William J. Brown III for Appellant.

No appearance for Respondent.

M.R. (Father) appeals an order denying his application to modify a custody order involving his child, Enrique.  Father argues it was an abuse of discretion to deny the request for modification because the court did not consider the best interests of Enrique when it denied Father's application, and also argues the court applied improper criteria or made incorrect legal assumptions when it denied his application.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

In 2008, a court ordered that Father and C.C. (Mother) have joint legal custody of their child, Enrique, and provided Father with a visitation schedule. The court also ordered that neither parent move the residence of Enrique out of San Diego County absent permission or a court order. However, in 2010, Mother moved to Mexico and took Enrique with her in violation of that order, and in 2011 Father obtained a Protective Custody Order ordering return of Enrique to San Diego County through the San Diego County District Attorney's Child Abduction Unit.

Father also apparently commenced a proceeding in Mexico under the Hague Convention on the Civil Aspects of International Child Abduction (the Hague Convention)[2] seeking an order to return Enrique to the United States, but the court in

---

[1] Father has filed a request for judicial notice asking that we judicially notice nine items, the first six of which are pleadings filed in the underlying superior court action and the last three of which are partial transcripts of testimony from a federal court action. Although we grant Father's request for judicial notice of items one through six as pleadings filed in the present matter (Evid. Code, § 452, subd. (d)), we deny his request for judicial notice of items seven through nine (the partial trial transcripts) because Father cites nothing permitting us to judicially notice the truth of the testimony contained in those transcripts, and the law is to the contrary. (See, e.g., *Bach v. McNelis* (1989) 207 Cal.App.3d 852, 864-865.) Accordingly, our factual recitation must disregard the purported "facts" contained in those transcripts.

[2] See the Hague Convention, text and legal analysis, 51 Fed. Reg. 10494 (Mar. 26, 1986); 22 USCA § 9001 et seq.

Mexico ruled against Father.[3]  While his appeal of that ruling was still pending in Mexico, Father filed the instant request seeking to modify the prior custody order and to obtain a new order granting him sole legal and physical custody of Enrique.  The court denied the request, and instead confirmed all existing orders would remain in effect. When Father sought ex parte reconsideration of that ruling, the court denied the request, stating "Hague involved matter on appeal.  Court questions jurisdiction."  Father appeals the denial of his application for modification of the custody order, arguing it was an abuse of discretion to deny the request for modification.

II

ANALYSIS

A. Applicable Legal Standards

*Custody Determinations*

In a custody determination, the trial court has wide discretion to choose a parenting plan that is in the best interests of the child (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32), and examines all the circumstances bearing on the best interests of the child.  (*Burchard v. Garay* (1986) 42 Cal.3d 531, 534.)  The standard of appellate review of custody and visitation orders is the deferential abuse of discretion test, and we are required to uphold the ruling if it is correct on any basis, regardless of the basis actually invoked.  (*In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1497.)

---

[3]     Father has not asked that we take judicial notice of the ruling in the Mexico proceeding.  However, Father's declaration filed below concedes the court in Mexico conducted a lengthy trial and ruled against Father after determining Enrique had lived in Mexico for three years and was "old enough to decide where he wanted to live."

3

*Appellate Review*

"[T]he cardinal rule of appellate review [is] that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Accordingly, "[i]n the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. '[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' " (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) "Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Because "[a] ruling by a trial court is presumed correct" (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631), "[t]he burden of demonstrating error rests on the appellant." (*Id.* at p. 632.) That burden includes the obligation to present argument and pertinent legal authorities demonstrating error: " 'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' [Quoting *Nelson v. Avondale Homeowners*

4

*Assn.* (2009) 172 Cal.App.4th 857, 862.] 'We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention[s] as waived.' [Quoting *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.]" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) An appellant is not relieved of these burdens merely because, as here, the respondent has not filed a brief. (*Kriegler v. Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226-227.)

B. <u>Analysis</u>

Applying these applicable standards, Father has not affirmatively demonstrated the order declining to modify the existing custody order was erroneous. First, Father has not provided any reporter's transcript of the proceedings, and therefore cannot demonstrate what evidence was actually admitted at the hearing, much less that the evidence affirmatively demonstrates maintaining the existing custody order exceeded the bounds of reason. When an appellant challenges a ruling and alleges, as Father does here, that the ruling must be reversed for an abuse of discretion, the absence of an adequate record of the evidence submitted below is fatal to the argument on appeal. (See *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 [challenge alleging ruling was abuse of discretion "has been thwarted by [appellant's] failure to provide us with a transcript of the hearing on the motion . . . . The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion."]; accord, *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 ["The absence of a record concerning what actually occurred at the trial precludes a determination that the

5

trial court abused its discretion."]; *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 136-137.) "As the party challenging a discretionary ruling, [Father] had an affirmative obligation to provide an adequate record so that we could assess whether the court abused its discretion. [Citations.] Accordingly, [Father] has forfeited this argument on appeal." (*Wagner v. Wagner,* at p. 259.)

Even assuming Father had presented an adequate record of the proceedings below, he has not affirmatively shown the ruling was erroneous. It appears at least one ground relied on by the trial court for declining to disturb the existing custody and visitation orders was the ruling in the Mexico proceedings under the Hague Convention, and the pending appeal of that ruling, which required the trial court to abstain from granting the requested relief. Because we presume correct a ruling by a trial court, placing on Father the burden of demonstrating error (*Winograd v. American Broadcasting Co., supra,* 68 Cal.App.4th at pp. 631-632), Father must present argument *and pertinent legal authorities* demonstrating this conclusion to be erroneous. (*Cahill v. San Diego Gas & Elec. Co., supra,* 194 Cal.App.4th at p. 956.) Father's brief is entirely silent on his apparent claim that a California court, when faced with knowledge that there are pending Hague Convention proceedings not yet completed in another country, may nevertheless enter orders altering existing custody orders. Because appellate briefs must provide argument and legal authority for the positions taken, an appellant's failure either to raise a point or to support an essential argument *with reasoned argument and citations to authority* permits this court to treat the argument as waived. (*Ibid*.) Father has cited no authority showing the trial court below was empowered to enter an order altering existing

6

custody orders despite the pending Hague Convention proceedings in Mexico, and we therefore may treat the argument as waived.

Moreover, we are aware of no authority that, after a foreign court (operating under the Hague Convention's provisions for children abducted in violation of a California joint custody order) concludes the child need not be returned to California, a California court may simply disregard that ruling. To the contrary, the law appears to be that the ruling of the Mexican court operating under the Hague Convention must be accorded "considerable deference," under the doctrine of comity. (*Diorinou v. Mezitis* (2d Cir. 2001) 237 F.3d 133, 142; see *Miller v. Miller* (4th Cir. 2001) 240 F.3d 392, 400 [" 'comity is at the heart of the Hague Convention' "].) The absence of a record here precludes Father from showing that he demonstrated below any basis sufficient for the trial court to withhold comity in this case. That is particularly so because it was Father who initiated the proceedings under the Hague Convention and now refuses to be bound by that result, and the record before us does not show the jurisdiction of the Mexican court was invalid, or that the specific procedures outlined by the Hague Convention were not followed with respect to his application, or that the apparent ground for the Mexican court ruling exceeded the limitations of the Hague Convention.[4] Although Father may

---

4       The court in Mexico apparently ruled against Father because Enrique had lived in Mexico for three years and was "old enough to decide where he wanted to live." (See fn. 3, *ante*.) Both of those considerations are apparently proper grounds for determining the child should not be returned under the Hague Convention. (See *Wojcik v. Wojcik* (E.D. Mich. 1997) 959 F.Supp. 413, 420-421 [where more than one year had elapsed since abduction and children well settled in new country, court may properly refuse return, citing Hague Convention, article 12]; *Gaudin v. Remis* (9th Cir. 2005) 415 F.3d 1028,

believe his rights were somehow violated by the Mexican court order, something more than the adverse ruling itself must be shown before a California court may disregard a foreign order otherwise validly rendered under the Hague Convention.  (See *Diorinou v. Mezitis, supra,* 237 F.3d at p. 146.)

## DISPOSITION

The order is affirmed.  Father shall bear his own costs on appeal.

McDONALD, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

---

1037 [court "may properly refuse to order the return of the children . . . if it 'finds that the child[ren] object[ ] to being returned and ha[ve] attained an age and degree of maturity at which it is appropriate to take account of [their] views,' " citing Hague Convention, article 13, section 2]; accord, *Escobar v. Flores* (2010) 183 Cal.App.4th 737, 747-748.)