[Civ. No. 18331.   Second Dist., Div. One.   Nov. 8, 1951.]

OSCAR E. ANDERSON, Respondent, v. HAROLD ANDERSON, Appellant.

Michael Motta for Appellant.

Anna Zacsek and Jerome Schimmer for Respondent.

DORAN, J.—The parties hereto are the only children of Charles E. Anderson, deceased, who died intestate on November 20, 1947.   The plaintiff, Oscar E. Anderson, was appointed administrator of the estate.   On November 13, 1947, the decedent had executed a quitclaim deed covering certain real estate to defendant-appellant Harold Anderson, the validity of which is here in question.   The trial court cancelled the deed on the grounds of mental incompetence of the decedent and undue influence on the part of the appellant grantee. Appellant was ordered to reconvey the same and to account for rents collected in the sum of $2,938.21 and for certain personal property.   The present appeal is from that judgment.

The sole contention on this appeal is that the evidence of incompetency and undue influence is not sufficient to sustain the findings and judgment in favor of respondent.   The

respondent relies upon the well established rule that if the record discloses any substantial evidence in support of the judgment, no appellate interference therewith is warranted. It is not claimed that the trial court committed any prejudicial errors in the trial of the case.

As commented on by the trial judge, ''The witnesses in the case are partisan. Everyone of them who has testified, including the parties themselves, is a partisan witness.'' The trial court was therefore confronted with a serious conflict of evidence involving the credibility of the witnesses, and said: ''In the main I am not going to believe Harold Anderson because of the many, many discrepancies in his testimony.'' After pointing out the various discrepancies, the court said: ''Now the evidence shows activity on the part of Harold Anderson in respect to this deed. It shows plenty of opportunity for activity and it shows actual activity. It shows that he profited by that activity, or thought he did.'' The trial court therefore found that in reference to the deed there was a ''lack of intent growing out of the mental incompetence of the deceased,'' and that ''the deed was the product of undue influence of his son Harold.''

There was evidence that the decedent, born in Sweden, had considerable difficulty with the English language; that in April, 1945, decedent suffered a first stroke of apoplexy, after which decedent's conduct became increasingly irrational. The decedent completely disregarded O.P.A. regulations, wrecked the plumbing for the purpose of hastening the eviction of certain tenants, refused to procure a doctor for Mrs. Charles Anderson who was in great pain and dying. Contrary to previous habits, decedent refused to comply with various laws, disregarded the care and maintenance of the property, displayed animosity towards various persons, became suspicious of almost everyone, refused to bathe, and in various ways evidenced confusion and disintegration.

Some six weeks before death, decedent failed to recognize Oscar Anderson, mistook Oscar for Harold, was confused and disoriented, complained of dizziness and pain, and was unable to remember various things. On November 10, three days prior to the execution of the deed, decedent suffered a second stroke, and experienced difficulty in speaking and in other respects. This condition grew progressively worse so that it became necessary to call a physician on the evening of the 13th, and on the morning of the 14th decedent was taken to

the hospital where death occurred on the 20th of November. Decedent was then 83 years of age.

In regard to execution of the deed it appears that the appellant called an attorney on November 12th; the attorney notarized the deed and recorded it, and received $10 from appellant for so doing. There was evidence that during the week of executing the deed, appellant spent four days with the decedent in addition to nightly visits; that appellant did not advise the other son, Oscar, of the making of the deed, of the father's hospitalization, or of the father's death. Appellant is later reputed to have said "that Oscar couldn't pin anything on him because he had two lawyers witness the signing of the deed."

On the other hand there was testimony by the attorney-notary who acknowledged the deed, that the decedent appeared to be mentally competent and directed the execution of the deed. A Doctor Robbins, however, expressed an opinion, in response to hypothetical questions, that the decedent was of unsound mind at the time the deed was executed. There was evidence that the decedent received no consideration for the execution of the deed, and had no independent advice regarding the transaction.

Appellant's brief calls attention to various items of evidence tending to negative the findings of mental incompetence and undue influence. As hereinbefore mentioned, it is true that the record discloses a conflict of evidence on these questions. The trial court, however, has resolved these conflicts in favor of the respondent and against the validity of the deed in question. That there is substantial evidence in the record supporting these findings cannot be denied. Therefore under the well established rules of appellate review, such findings can only be sustained.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.