[Civ. No. 4512. Fourth Dist. Oct. 15, 1952.]

EUNICE ADAMS, Appellant, v. ELEANOR ANN ADAMS, Respondent.

Quintin Whelan for Appellant.

McInnis & Hamilton and William T. Fitzgerald for Respondent.

MUSSELL, J.—This is an action to quiet title to real property in San Diego. It was brought by plaintiff against her minor daughter, who is the record owner by deed, from plaintiff to her, bearing date of July 9, 1942, signed and acknowledged June 9, 1942, and recorded September 16, of the same year.

The principal issues presented to the trial court were whether plaintiff had executed and delivered the questioned deed to her daughter. These issues were determined adversely to plaintiff's contentions and judgment was entered that plaintiff take nothing by her complaint. The stated grounds of appeal are, the insufficiency of the evidence to support the

judgment, irregularities in the proceedings preventing plaintiff from having a fair trial, and bias of the trial judge.

In May, 1942, plaintiff and her husband, Ben F. Adams, lived with their minor daughter (defendant herein) on the real property involved. Domestic trouble arose which led to the preparation of a property settlement agreement. However, this agreement was not signed or executed until July 20, 1942. Adams testified that before the settlement agreement was signed he had a conversation with plaintiff in which they agreed that the daughter should have the home property; that plaintiff should have the furniture and that Adams would take a loan on the property; that the deed to the property would be taken in plaintiff's name at the escrow; that plaintiff would give the child a deed at that time to be held in escrow until after Adams had left and a divorce had been granted. Adams further testified that plaintiff executed the deed involved in his presence on June 9, 1942; that he left the deed with the title company to hold until after the divorce decree had been obtained; that he and plaintiff executed a trust deed on the property for $2,500; that he received the money thus obtained and later purchased the trust deed. The record shows that on or about May 20, 1942, Adams attempted to sell the property involved to Augusta and Regina Melzer. The Melzers were unable to obtain possession of the property and the sale was not consummated. The property settlement agreement was signed by plaintiff and Adams on July 20, 1942. On September 3, 1942, a decree divorcing plaintiff and Adams was granted and the agreement was made a part of the decree. On September 16, 1942, the deed involved was delivered to Adams by the escrow agent and he had it recorded on the same day.

Plaintiff testified that she lived in the house from June 9, 1942, until sometime in 1946; that she discovered in 1943 that the property had been deeded to her daughter; that she did not execute or deliver a deed of the property to her daughter; that Mr. Adams made quite a number of real estate deals and that she signed blank deeds for him on many occasions. She stated that she signed the deed to her daughter but did not appear before a notary public to acknowledge her signature thereto. However, a notary public testified that plaintiff signed the deed in question in her presence and that it was notarized by her; that her notary records (which were produced and shown to her in court) contained an entry showing the deed from plaintiff to defendant on June 9, 1942.

■ There is substantial evidence to support the trial court's finding and conclusion that the deed under consideration was duly executed and delivered. These were questions of fact for the trial court and its determination cannot here be disturbed. (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557].)

Plaintiff argues that the trial court failed to recognize and follow the well established principle of law that where the issue is the execution and delivery of a deed, the intent of the grantor may be shown by his declarations and conduct before, at the time of and after, the alleged execution and delivery. This argument is apparently based on the statement that the trial court questioned the materiality of the property settlement agreement and failed to consider it in rendering its decision. ■ The agreement was admitted in evidence and we must assume that it was considered by the court in connection with all the other evidence, including the evidence of the acts and declarations of plaintiff concerning the execution and delivery of the deed. Plaintiff argues that the court failed to recognize or apply the principle of law that evidence of similar transactions had on or about the same time is material in cases where the intent to commit fraud is involved. Fraud was not alleged or proved and as stated by appellant in her opening brief, the only issues presented were whether plaintiff executed and delivered the deed to her daughter. ■ A deed to an infant requires no delivery to or acceptance by the grantee. Delivery to a third person for the benefit of the infant is in all cases sufficient to vest the title. (*Turner* v. *Turner,* 173 Cal. 782, 786 [161 P. 980].)

Finally, it is contended that the trial court displayed a bias against plaintiff preventing her from having a fair trial. We have reviewed the record in this connection and conclude that this contention is without merit. In view of the evidence supporting the trial court's conclusion that there was a valid execution and delivery of the questioned deed, it is not necessary to pass upon the question of the application of the statute of limitations presented by defendant in her amended answer.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied November 12, 1952, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1952. Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.