Filed 2/8/24  Sprewell v. Flores CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SEVEN

| | |
|---|---|
| TRIKA SPREWELL, | B329537 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21LBCV00423) |
| v. | |
| JUANA FLORES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Affirmed.

Trika Sprewell, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

# INTRODUCTION

Trika Sprewell filed a quiet title action in 2021 against Juana Flores seeking, among other things, a declaration of rights regarding certain real property on Henderson Avenue in Long Beach. Flores filed a cross-complaint for quiet title, ejectment, cancellation of deeds, financial elder abuse, conversion of personal property, and intentional infliction of emotional distress (IIED).

The trial court held a bench trial on the legal issues and a three-day jury trial on the remaining claims. The trial court entered judgment for Flores on Sprewell's quiet title cause of action. The court found for Flores on her cross-claims for quiet title, ejectment, and cancellation of deeds. The jury found for Flores on conversion of personal property and awarded Flores damages of $387,530. The jury found for Sprewell on Flores's cross-claims for financial elder abuse and IIED.

Sprewell appeals arguing, in essence, that the judgment is not supported by sufficient evidence. It is a basic tenet of appellate procedure that a party asserting a trial court committed reversible error must provide the reviewing court with an appellate record sufficient to evaluate the claims of error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Sprewell has not demonstrated error on appeal because the record before us is inadequate to consider her argument that no substantial evidence supports the trial court's judgment. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

In 2021 Sprewell filed a quiet title action against Flores and additionally sought declaratory relief.  The record does not contain a copy of Sprewell's complaint, but she appears to have asserted inherited rights to certain property on Henderson Avenue in Long Beach from her great-grandmother, Mamie Butler.  The record contains what purports to be a 1963 lease of mineral rights on the property from Butler to Continental Northern Oil and Gas.

Sprewell obtained a default judgment against Flores in December 2021.  Sprewell either attempted to or actually had Flores ejected from the property, including removal of Flores's personal property.  A few days after entry of the default judgment, Flores filed a cross-complaint and a motion to vacate the default judgment.  Flores's cross-complaint alleged six causes of action: quiet title; ejectment; cancellation of deeds; financial elder abuse; conversion of personal property; and IIED.

The trial court vacated the default judgment and ultimately set the case for trial in March 2023.  Sprewell represented herself at trial.  The following issues were tried to

---

[1]  Without the benefit of a complete record on appeal, we recite the facts and procedural history as available.  To aid in our review, we augment the record with the trial court's minute orders on our own motion.  (See Cal. Rules of Court, rule 8.155(a)(1)(A); *Stewart v. Preston Pipeline Inc.* (2005) 134 Cal.App.4th 1565, 1570, fn. 3 [augmenting record on the court's own motion to include trial court documents that "were not designated by the parties and were therefore not part of the clerk's transcript"].)

the bench: the parties' quiet title claims, Flores's ejectment cross-claim, and Flores's cancellation of deeds cross-claim. Flores's cross-claims for financial elder abuse, conversion of personal property, and IIED were tried to the jury. The trial court ordered that, "As no court reporter is present the parties are ordered to meet and confer at the end of each day and submit a settled statement to the Court at 8:30 a.m. the following morning." The record on appeal does not contain the parties' settled statement. The minute orders reflect that Sprewell testified on her own behalf at trial and filed 14 trial exhibits, and that Flores had five witnesses testify and presented 27 trial exhibits. Sprewell appeared for all three days of trial, but she "refused" to appear for the reading of the jury verdict.

After the first day of trial, the trial court ruled for Flores on the parties' competing quiet title causes of action, and on Flores's cross-claims for ejectment and cancellation of deeds. Addressing the quiet title causes of action, the court found "by clear and convincing evidence" that "there is no evidence to support" Sprewell's "contention that she inherited title to the real property commonly known as 1752, 1754, 1756 Henderson Ave. . . . from Mamie Butler, or the Estate of Mamie Butler," or "that she has any claim or right to title of the real property." The court further found Flores was "the title owner" of the property and enjoined Sprewell from claiming any further interest in the property. As to Flores's cross-claim for cancellation of deeds, the court found for Flores and canceled three deeds to the property filed in 2019, presumably by Sprewell.

The jury returned a verdict on Flores's remaining cross-claims. The jury ruled for Sprewell on Flores's financial elder abuse and IIED claims, but found Sprewell was liable for

4

conversion of personal property, and awarded Flores damages in the amount of $387,530.[2]  The court entered judgment on April 4, 2023.

Sprewell timely appealed.

## DISCUSSION

On appeal, Sprewell argues she was the heir of her great-grandmother's interest in the Henderson Avenue property and asks the court to review the oil and gas lease she asserts her great-grandmother signed with Continental Northern Oil and Gas.  She argues the trial court  "erred in finding judgment against Ms. Sprewell" on Flores's quiet title, ejectment, cancellation of deeds, and conversion causes of action because "[t]here is no substantial evidence to support the findings." Sprewell does not otherwise appear to challenge the jury's damages award on Flores's claim of conversion.[3]

### A.    *Standard of Review*

"When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the

---

[2]    The jury found Sprewell "substantially interfere[d]" with Flores's "home furnishings, home décor, kitchen and home appliances, electronic appliances, automobiles, clothing, shoes, jewelry and accessories, and personal family memorabilia."

[3]    Flores did not file a respondent's brief.  Accordingly, we decide this appeal "on the record, the opening brief, and any oral argument by the appellant."  (See Cal. Rules of Court, rule 8.220.) Sprewell waived oral argument.

determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination." (*Jameson v. Five Feet Restaurant, Inc.* (2003) 107 Cal.App.4th 138, 143 [emphasis omitted]; accord, *Adams v. Adams* (1952) 113 Cal.App.2d 654, 656 [reviewing trial court's factual findings in quiet title action for substantial evidence]; *Fallert v. Hamilton* (1952) 109 Cal.App.2d 399, 400, 404 [same, in suit for ejectment]; *Anderson v. Anderson* (1951) 107 Cal.App.2d 402, 402-404 [cancellation of deeds].) "[A]ll conflicts must be resolved in favor of the successful party in the court below" (*Lauder v. Wright Investment Co.* (1954) 126 Cal.App.2d 147, 151), and "all legitimate and reasonable inferences indulged in to uphold the verdict if possible." (*Jackson v. Burke* (1954) 124 Cal.App.2d 519, 521.)

B.    *Sprewell's Motions To Augment the Record*

Sprewell proceeded by way of a clerk's transcript (see Cal. Rules of Court, rule 8.122), and presented no settled statement, although the trial court had ordered the parties to prepare one since there was no court reporter present during trial proceedings. She designated for inclusion in the clerk's transcript the court's final judgment, as well as 24 "joint trial exhibits," none of which appear to have been admitted at trial. The trial exhibits did not appear in the clerk's transcript.

After filing her opening brief, Sprewell moved to augment the record with 14 documents. This court denied her motion because Sprewell had not shown the documents were "filed or lodged in the case in superior court." (See Cal. Rules of Court, rule 8.155(a)(1)(A).)

6

Sprewell filed a second motion to augment the record. She identified 20 documents as trial exhibits filed in the trial court and provided a copy of her original filing of the exhibit list with the trial court on December 26, 2022. In light of Sprewell's showing these exhibits were filed with the trial court, we grant the motion to augment. (See *Olen Commercial Realty Corp. v. County of Orange* (2005) 126 Cal.App.4th 1441, 1444, 1450, fn. 1 [granting appellant's motion to augment the record with trial exhibits].) We note, however, that Sprewell apparently did not include any of Flores's trial exhibits in her motion to augment.

C.     *Sprewell Has Not Demonstrated Error on Appeal Because the Record Is Inadequate To Consider Her Argument That No Substantial Evidence Supports the Judgment*

"One of the essential rules of appellate law is that '[a] judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.'" (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865.) For this reason, "an appellant "'must affirmatively show error by an adequate record.'"" (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532.) "Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Sprewell argues the judgment is not supported by substantial evidence. When an appellant challenges the sufficiency of the evidence supporting the trial court's judgment, she must demonstrate the error by providing an appellate record containing the evidence before the trial court. If the appellate record "does not contain the evidence before the trial court," the

7

appellate court must "conclusively presume[] that the evidence sustained the [trial court's] findings." (*Kubon v. Kubon* (1958) 51 Cal.2d 229, 232; accord, *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434, fn. 9 (*East County*) ["[I]f the record on appeal does not contain all of the documents or other evidence considered by the trial court, a reviewing court will 'decline to find error on a silent record, and thus infer that substantial evidence' supports the trial court's findings."]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*) ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. . . . The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence."]; *Construction Financial v. Perlite Plastering Co.* (1997) 53 Cal.App.4th 170, 179.)

Evidence presented to the trial court may become part of the record on appeal by designating trial exhibits (see *Lincoln Fountain Villas Homeowners Assn. v. State Farm Fire & Casualty Ins. Co.* (2006) 136 Cal.App.4th 999, 1003, fn. 1); a reporter's transcript of trial testimony (see *Fain, supra*, 75 Cal.App.4th at p. 992); or "any other adequate statement of the evidence" such as an agreed or settled statement (see *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 (*Foust*)).

Sprewell has not provided this court with a record that "contain[s] all of the documents or other evidence considered by the trial court" necessary to demonstrate that the judgment is not supported by substantial evidence. (See *East County, supra*, 6 Cal.App.5th at p. 434, fn. 9; accord, *Haywood v. Superior Court*

8

(2000) 77 Cal.App.4th 949, 955.)  There was no court reporter present at trial, but the trial court ordered the parties to submit settled statements of the daily proceedings.  The record before us does not indicate the parties did so, but Sprewell could also have proceeded by the settled statement procedure available at rule 8.137 of the California Rules of Court.

The clerk's transcript only contains the trial court's docket entries, the trial court's judgment, Sprewell's notice of appeal, and her notice designating the record on appeal.  It also contains a document recounting Sprewell's view of the case, but because this document was not filed in the trial court, we are unable to consider it on appeal.  (See *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [generally an appellate court will consider only evidence presented to the trial court].)  While the augmented record includes some exhibits Sprewell submitted to the trial court, the court's minute orders reflect they were not actually admitted into evidence.  Further, the record on appeal remains incomplete because it does not contain any of Flores's trial exhibits, nor do we have anything before us reflecting the trial testimony of any of the witnesses who testified at trial.  (See *Foust*, *supra*, 198 Cal.App.4th at p. 186, fn. 3 [record inadequate where there was "no way of knowing the true number" of trial exhibits, "what those exhibits contained," or what "witnesses may have had to say about their content"].)

"Without a reporter's transcript or the exhibits presented at trial we cannot undertake a meaningful review" of Sprewell's argument on appeal.  (See *Foust*, *supra*, 198 Cal.App.4th at pp. 186-187 ["partial clerk's transcript" containing only some trial exhibits did not meet appellant's burden to demonstrate error

9

through an adequate record]; accord, *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 [appellant did not provide adequate record or demonstrate error without reporter's transcript or "copies of the documentary evidence"].) And because Flores's trial evidence is absent from the record, we must presume that evidence adequately supported the trial court's judgment in Flores's favor. (See *Fain*, *supra*, 75 Cal.App.4th at p. 992 ["[I]t is presumed that the unreported trial testimony would demonstrate the absence of error."]; *Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127 ["'If any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.'"].)

In sum, Sprewell has not met her burden "to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (See *Jameson v. Desta*, *supra*, 5 Cal.5th at p. 609.)

## DISPOSITION

The judgment of the trial court is affirmed.

MARTINEZ, J.

We concur:

SEGAL, Acting P. J.          FEUER, J.

10